GEERE *v.* SWEET.

Geere v. Sweet.

A plaintiff cannot have costs of his action, if he bring it in the District Court, when it is within the jurisdiction of a justice of the peace, even though the District Court have concurrent jurisdiction.

MASON, Ch. J.

This was an action commenced in the District Court of Lancaster County, by the defendant in error against the plaintiff in error, as the indorser of a promissory note, to recover a less sum than a hundred dollars. At the November term of said Court, 1870, the plaintiff recovered a judgment against the defendant for the sum of eighty-four and fifty-eight one-hundredths dollars, their damages, and their costs taxed at twenty-two and fifty-five one-hundredths dollars; and it was ordered that execution be awarded therefor: to which ruling and judgment of the Court as to costs the defendant at the time excepted, and now brings the case to this Court on writ of error to reverse the judgment of the Court below as to costs. The plaintiff in error insists, that as the defendant in error, who was plaintiff in the Court below, recovered less than a hundred dollars, it appears that a justice of the peace had jurisdiction of the action; and the plaintiff below cannot recover costs. Costs are unknown to the common law. They are given only by statute, which may be changed at the will of the legislature. The recovery of costs

GEERE *v.* SWEET.

must depend upon the statute law in force at the time the judgment was rendered. Bacon's Abridgment, vol. ii. page 484. *John Farrier* v. *Esther Cairnes,* 5 *Ohio,* 47. What was the statute respecting costs when this judgment was rendered? Sect. 621 of the Code of Civil Procedure reads as follows: " If it shall appear that a justice of the peace has jurisdiction of an action, and the same has been brought in any other Court, the plaintiff shall not recover costs ; and in all actions for libel, slander, malicious prosecution, assault and battery, false imprisonment, criminal conversation, seduction, actions for nuisance, or against justices of the peace for misconduct in office, if the damages assessed be under five dollars, the plaintiff shall not recover any costs." The last clause of the section relates to costs in particular actions ; and it is not necessary to consider the same. It did appear that a justice of the peace had jurisdiction of the action at the filing of the petition, and again at the rendition of the judgment; and the fact that the District Court has concurrent jurisdiction with justices of the peace when the demand or cause of action exceeds fifty dollars, in no way affects the question of costs. The right to costs is a statutory right, and cannot be enlarged by judicial authority. If the intention of the legislature was to limit the application of the first clause of this section to cases when the recovery did not exceed fifty dollars, why was the word *exclusive* omitted before the word " jurisdiction " ? It seems to me plain, that where it appears that at the commencement of the action a justice of the peace has jurisdiction of the action, whether concurrent or exclusive, and the plaintiff brings his action in any other Court, he cannot recover his costs. This was so held in *Brunaugh* v. *Wooley,* 6 *Ohio St.,* 597, under a similar statute. The judgment of the Court below for the

GEERE *v.* SWEET.

recovery of the plaintiff's costs against the defendant below is reversed with costs; and each party must pay his own costs in the Court below.

Judgment and order in accordance with this opinion.

*S. Robinson,* for plaintiff in error.

*Lamb* and *Billingsby,* for defendant in error.