Beach v. Cramer.

CHAMBERS B. BEACH, PLAINTIFF IN ERROR, v. J. M. CRÁMER, DEFENDANT IN ERROR.

1. **Jurisdiction of Probate Court.** The probate court, under the provisions of sections 7–11 of the act approved March 3, 1873, in relation to powers and jurisdiction of probate courts, has a distinct jurisdiction, as to the amounts authorized to be recovered, from that of a justice of the peace; its jurisdiction extends to cases where the amount *claimed* in the petition or bill of particulars exceeds one hundred dollars.

2. ——: HOW DETERMINED: COSTS. The amount claimed in the petition or bill of particulars determines the jurisdiction, yet if the verdict is for less than one hundred dollars the plaintiff is entitled to judgment thereon, but the court can render no judgment for costs in his favor. *Geere v. Sweet*, 2 Neb., 77, cited and approved.

ERROR from the district court of Lancaster county. Tried below before POUND, J. The opinion states the case.

*Lamb, Billingsley & Lambertson,* for plaintiff in error.

*C. C. Burr* and *M. H. Sessions,* for defendant in error.

MAXWELL, J.

This action was commenced by the plaintiff against the defendant in the probate court of Lancaster county to recover the sum of $250. The case was tried at the July term, 1875, of said court, and judgment rendered against the defendant for the sum of $100. The defendant appealed the case to the district court of Lancaster county. On the trial of the cause in the district court the plaintiff recovered the sum of $20; the court thereupon rendered judgment that the plaintiff pay his own costs in the case. The case is brought into this court by petition in error.

The only question that it is necessary to consider is, whether the increased jurisdiction of the probate court, giving it concurrent jurisdiction with the district court in sums exceeding $100 and not exceeding $500, constitutes it as to that class of cases a distinct court from that merely exercising the ordinary powers and jurisdiction of a justice of the peace. Section seven of the act approved March 3, 1873, in relation to the powers and jurisdiction of probate courts, requires the probate judge in each county to hold a regular term of the probate court at his office at the county seat, commencing at 9 o'clock A. M., on the first Monday of each calendar month, for the trial of such civil actions brought before such court as are not cognizable before a justice of the peace. Section eight provides that in all civil actions commenced in said court, wherein the sum exceeds $100, it shall be the duty of the probate judge to issue a summons returnable on the first day of the next term of said court, if there be ten days intervening between the issuance of the summons and the first day of the term, and if not, then to be made returnable on the first day of the term thereafter. Section ten provides that in all civil actions where the amount claimed exceeds one hundred dollars, the plaintiff, his agent or attorney shall, before the summons is issued therein, file in such court a bill of particulars, setting forth in ordinary and concise language his demands; which bill of particulars shall be verified in like manner as a petition in the district court. Section eleven provides for filing motions and demurrers. Section seventeen provides for stay of execution on judgments exceeding $100 in like manner as upon judgments rendered in the district court.

It is apparent that the court referred to in these sections has a distinct jurisdiction, as to the amounts authorized to be recovered, from that of a justice of the peace; and that its jurisdiction extends to cases where

the amount *claimed* exceeds $100.    But while the amount claimed in the petition or bill of particulars determines the jurisdiction, yet the court having acquired jurisdiction of the subject matter and the parties, if the verdict is less than $100 the plaintiff is entitled to judgment thereon, but the court can render no judgment for costs. Section 621 of the code of civil procedure provides that if it shall appear that a justice of the peace has jurisdiction of an action, and the same has been brought in any other court, the plaintiff shall not recover costs.    This question was before this court in *Geere v. Sweet*, 2 Neb., 77, and the decision in that case meets our approval. See, also, *Brunaugh v. Worley*, 6 Ohio State, 598; *Butler v. Kneeland*, 23 Ohio State, 196.    The design of the law is to abolish not only fictitious issues, but fictitious claims.    And if a party under the pretext of having sustained heavy damages, brings his action in the district or probate (county) court claiming more than $100, and on the trial recovers less than $100, he is not entitled to costs.    The judgment of the district court is right, and must be affirmed.

JUDGMENT AFFIRMED.