Ray v. Mason.

HARMON RAY, PLAINTIFF IN ERROR, v. NATHAN MASON, DEFENDANT IN ERROR.

| 6 | 101 |
|---|---|
| 8 | 36 |
| 9 | 264 |
| 9 | 267 |
| 9 | 473 |
| 10 | 10 |
| 11 | 233 |
| 11 | 463 |
| 14 | 275 |
| 14 | 530 |
| 15 | 406 |
| 15 | 630 |
| 16 | 113 |
| 16 | 130 |
| 16 | 372 |
| 19 | 148 |
| 6 | 101 |
| 29 | 322 |
| 6 | 101 |
| 30 | 556 |
| 31 | 120 |
| 32 | 299 |
| 6 | 101 |
| 34 | 658 |
| 6 | 101 |
| 42 | 859 |
| 6 | 101 |
| 50 | 845 |
| 52 | 506 |
| 53 | 210 |

1. **Practice: BILL OF EXCEPTIONS.** Where evidence has been introduced in the court below, which is not properly a matter of record, a party who desires to avail himself of it in the supreme court, must preserve the same by a bill of exceptions.

2. ———: ——— Affidavits of jurors in support of a motion for a new trial, which are not embodied in the bill of exceptions, will not be considered by the supreme court.

3. ———: COSTS IN CASES WHERE JUSTICE OF THE PEACE HAS JURISDICTION. Where a justice of the peace has jurisdiction of an action, and it has been brought in any other court, the plaintiff cannot recover costs.

ERROR from the district court for Nemaha county. Tried below before POUND, J.

*J. H. Broady*, for plaintiff in error.

*E. W. Thomas*, for defendant in error.

MAXWELL, J.

On the fifth day of November, 1873, the plaintiff in the court below, Mason, commenced an action against the defendant in the probate court of Nemaha county to recover the sum of one hundred dollars and interest, balance claimed to be due on a promissory note. On the trial of the cause in the probate court the jury found for the defendant. An appeal was taken to the district court, where the plaintiff recovered against the defendant the sum of three dollars. The court thereupon rendered judgment against the defendant for the costs of suit amounting to the sum of $76.66. A motion for a new trial was filed by the defendant Ray, assigning various grounds for granting the same. A number of affidavits of the jurors that tried the cause appear in the record in

support of the motion. It is unnecessary to consider the question of the admissibility of affidavits of jurors for the purpose of impeaching or explaining their verdict, as the affidavits filed in this case cànnot be considered, not having been embodied in the bill of exceptions. Where evidence has been introduced in the court below which is not properly a matter of record, a party who desires to avail himself of such evidence in the supreme court must preserve the same by a bill of exceptions. The only error that can be considered in this case is the taxation of costs to the defendant. In this there is error. The rule is well established in this court that if a justice of the peace has jurisdiction of an action and it has been brought in any other court the plaintiff shall not recover costs. *Geere v. Sweet*, 2 Neb., 67. *Beach v. Cramer*, 5 Neb., 99. And the jurisdiction in such cases is determined by the amount recovered and not by the amount claimed. The judgment of the court below for the recovery of the plaintiff's costs against the defendant is reversed; and each party must pay his own costs in the court below.

JUDGMENT ACCORDINGLY.