SAMUEL P. MARTIN, PLAINTIFF IN ERROR, v. LEVI P. GROVER, DEFENDANT IN ERROR.

**Powers of County Judge:** PRACTICE: COSTS. A county judge has the ordinary powers and jurisdiction of a justice of the peace; and in an action before him, under such jurisdiction, where the plaintiff in his bill of particulars claims the sum of $50, but recovers only $15, he is entitled to costs. *Geere v. Sweet*, 2 Neb., 67. *Beach v. Cramer*, 5 Id., 98. *Ray v. Mason*, 6 Id., 101, approved. [LAKE, J., dissenting.]

ERROR to the district court for Sarpy county. Tried below before SAVAGE, J.

*A. N. Ferguson*, for plaintiff in error.

*John Q. Goss* and *A. M. Robbins*, for defendant in error.

MAXWELL, CH. J.

On the 28th day of July, 1877, the defendant in error commenced an action against the plaintiff in error in the county court of Sarpy county, to recover the sum of $50. On the trial of the cause, he recovered a judgment for the sum of $15 and costs. The plaintiff appealed to the district court, where, on the 18th day of March, 1878, after a considerable amount of costs had been incurred, he offered to confess judgment in favor of the defendant for the sum of $15, which offer was accepted, and judgment was thereupon rendered against the plaintiff herein for $15 and costs amounting to the sum of $——. No motion was made in the court below to re-tax the costs. The plaintiff brings the cause into this court by petition in error.

The only question involved is the taxation of costs to the plaintiff.

Section 621 of the code provides that "If it shall appear that a justice of the peace has jurisdiction of an action, and the same has been brought in any other court, the plaintiff shall not recover costs." Gen. Stat., 636.

In *Geere v. Sweet*, 2 Neb., 67, this question was before this court, and it was held that where, at the commencement of an action, a justice of the peace has jurisdiction, either concurrent or exclusive, and the plaintiff brings his action in any other court, he cannot recover costs.

In *Beach v. Cramer*, 5 Neb., 98, the question was again before the court. In that case the plaintiff brought an action against the defendant in the probate court of Lancaster county to recover the sum of $250, and on the trial of the cause recovered the sum of $20, which judgment, on appeal to the district court, was affirmed. The only question in that case was, whether the increased jurisdiction of the probate court, giving it concurrent jurisdiction with the district court in sums *exceeding* $100 and not exceeding $500, constituted it as to that class of cases a distinct court from that merely exercising the powers and duties of justices of the peace. And it was held that it did—that the design of the law was to abolish not only fictitious issues but fictitious claims; and the case of *Geere v. Sweet* was approved and adhered to.

In *Ray v. Mason*, 6 Neb., 102, *Geere v. Sweet* and *Beach v. Cramer* are cited with approval.

Section 2 of "An act concerning the organization, powers, and jurisdiction of probate courts," approved March 3, 1873, Gen. Stat., 263, provides that: "Probate courts in their respective counties shall have and exercise the *ordinary* powers and jurisdiction of a justice of the peace, and shall have concurrent jurisdiction with the district court in all civil cases in any sum not exceeding $500."

Section 11 provides that: "In actions before said court, where the amount *claimed* exceeds $100, motions and demurrers shall be allowed, and the rules and practice concerning pleadings and process in the district court shall be applicable, so far as may be, to pleadings in the probate court."

Section 8 provides that: "In all civil actions commenced in said courts, wherein the sum exceeds $100, it shall be the duty of the probate judge to issue summons returnable on the first day of the next term of the court, if there be ten days intervening between the issuance of the summons and the first day of the next term," etc.

Section 7 provides for holding a regular term on the first Monday of each calendar month.

Under the new constitution the county courts are the successors of the probate courts. It will be seen that county judges have the *ordinary* powers and jurisdiction of a justice of the peace, and also jurisdiction in courts to be held on the first Monday of each month, for the trial of causes where the sum exceeds $100 but does not exceed $500. It appears from the transcript that the action was commenced on the 28th day of July, 1877, and the summons issued of that date, and made returnable on the 3d day of August of that year. So that there was no attempt made to bring the action under the increased jurisdiction, and the case is one wherein the county judge was exercising the ordinary powers and duties of justices of the peace. The question has already been determined by this court at this term.

In *Blaco v. Haller*, ante p. 149 the court say: " County courts are the successors of our former probate courts, upon which was expressly conferred, by the act of March 3, 1877, concerning probate courts, " *the ordinary powers and jurisdiction* of a justice of the peace in civil cases." This being the case, the action was prop-

erly brought in a court exercising the ordinary powers and jurisdiction of a justice of the peace. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

LAKE, J., dissenting.

My judgment differs so widely from that of the majority of the court, as expressed in the foregoing opinion, that I think it but due to myself briefly to give the reasons for my dissent. This difference of opinion, I may say at the outset, seems to be occasioned chiefly by my inability to comprehend what appears to be clear to my brother judges, that under any circumstances the constitutional and statutory expressions " county courts " and "justices of the peace " are equivalent, and mean precisely the same tribunal.

The clause of the statute applicable to the question before the court is in these words: " If it shall appear that a justice of the peace has jurisdiction of an action, and the same has been brought in any other court, the plaintiff shall not recover costs."

This statute was first construed, if giving effect to language so plain can be called construction, in the case of *Geere v. Sweet*, 2 Neb., 76, which was commenced in the district court, and in which the plaintiff recovered a judgment for $84.58, a sum within the jurisdiction of that court, but of which, under the statute, a justice of the peace also had concurrent jurisdiction; and it was held, on error to this court, that there could be no recovery of costs. In giving the decision of the court, following that of *Brunaugh v. Wooley*, 6 Ohio State, 597, Mason, Ch. J., said: " It seems to me plain that where it appears that at the commencement of the action a justice of the peace has jurisdiction  *  *  *  whether concurrent or ex-

clusive, and the plaintiff brings his action *in any other court*, he cannot recover his costs."

Again, in *Beach v. Cramer*, 5 Neb., 98, in which the action was, as here, commenced in the probate (county) court, the same question was again raised, and precisely the same conclusion arrived at. This decision, as embodied in the opinion of MAXWELL, J., fully sustains *Geere v. Sweet*, as will be seen by the following quotation, viz.: "But while the amount claimed in the petition or bill of particulars determines the jurisdiction, yet the court, having acquired jurisdiction of the subject matter and the parties, if the verdict is less than $100, the plaintiff is entitled to judgment thereon, but the court can render no judgment for costs. * * * This question was before this court in *Geere v. Sweet*, 2 Neb., 77, and the decision in that case meets our approval."

And still again in *Ray v. Mason*, 6 Neb., 101, in which the action below was commenced in the probate court to recover the sum of $100 and interest, alleged to be due on a promissory note, and wherein, on appeal to the district court, the plaintiff had judgment in his favor for $3 and his costs, that judgment having been brought here by petition in error, the decision of the court was that no costs were recoverable, and the judgment of the court below was modified accordingly. The views then entertained by this court are found in the opinion of MAXWELL, J., in which is found this language of clear and unmistakable import: "The only error that can be considered in this case is the taxation of costs to the defendant. In this there is error. The rule is well established in this court that if a justice of the peace has jurisdiction of an action, *and it has been brought in any other court*, the plaintiff shall not recover costs."

Now it does seem very clear to my mind that, if

these several decisions speak the law correctly, the judgment now under review, as to the defendant in error's costs, is erroneous. The amount recovered is $15, of which, it cannot be questioned, "a justice of the peace has jurisdiction;" and the action was certainly commenced in "*another court*," viz.: the county court of Sarpy county. That a county court is an entirely distinct tribunal from that of a justice of the peace seems too clear to admit of any argument. The distinction is not in name alone, but it is constitutional— radical. The fact that in some matters county courts have concurrent jurisdiction with justices of the peace is entitled to no weight in the decision of this question, for that could have been urged with equal propriety had the case been commenced in the district court.

The construction given to this statute by the majority of the court is just what might have been expected if, instead of what it is, its language were, if a justice of the peace have jurisdiction, and the action has been brought in any other court, *except one having and exercising concurrent jurisdiction with justices of the peace*, the plaintiff shall not recover his costs. Such being its effect, I am of opinion that the conclusion reached by my brother judges is not only in direct conflict with the prior decisions of this court, as well as of the supreme court of Ohio, on the same question, but does violence to the plain simple words and spirit of the statute above quoted.

Reference is also made in the opinion to the fact that no motion was made in the court below to have the costs re-taxed. But that step was unnecessary to entitle the plaintiff in error to the relief sought. If the costs had been taxed contrary to the judgment there would have been force in this point. The costs, however, were taxed as they only could be under the

judgment; and it has never been held that, in order to entitle a party to have a final judgment reviewed in this court, he must ask the court rendering it to correct the errors complained of. Indeed, it is not necessary even to except. *Black v. Winterstein*, 6 Neb., 224.

For these reasons I am of the opinion that the judgment, as to the costs, ought to be reversed.