Miller v. Roby.

JAMES P. MILLER, PLAINTIFF IN ERROR, v. MARY E. ROBY, DEFENDANT IN ERROR.

| 9 | 471 |
| 19 | 344 |
| 9 | 471 |
| 42 | 859 |
| 9 | 471 |
| 50 | 845 |

1. Action against Sheriff: JURISDICTION OF JUSTICE. R. brought an action against a sheriff and an attachment creditor in the district court to recover the sum of $300, the *value* of certain property levied upon by the sheriff under an order of attachment against S. R., and recovered judgment for the sum of $52.58. *Held*, not an action against an officer for misconduct in office, and that a justice of the peace had jurisdiction, the amount recovered being less that $100.

2. ———: COSTS. In such case, where the district court rendered judgment in favor of the plaintiff for costs, the judgment was reversed, and each party required to pay his own costs.

ERROR to the district court for York county. Tried below before POST, J.

*France & Sedgwick*, for plaintiff in error.

*Edward Bates*, for defendant in error.

MAXWELL, CH. J.

The defendant in error brought an action against the plaintiff in error, in the district court of York county, to recover the sum of $300 for the conversion

of certain property owned by her.   The case was sub-
mitted to the court without the intervention of a jury,
and judgment was rendered against the plaintiffs in
error for the sum of $52.58, and costs taxed at the sum
of $111.93; costs of a former term, amounting to $42.66,
being taxed to the defendant in error.   A motion to
re-tax costs having been overruled, the plaintiffs bring
the cause into this court by petition in error.

It appears from the record that Miller was sheriff of
York county, and took the goods in question under
an order of attachment, in an action wherein J. E.
Porter and Son were plaintiffs and Samuel Roby de-
fendant, and that judgment was rendered therein
against Roby for the sum of $138.60, and that the prop-
erty so levied upon was applied in payment of said
judgment.   There is no allegation in the petition that
the officer acted in bad faith in making the levy, or
that he had reason to believe that the goods belonged
to Mary E. Roby, the allegation of the petition be-
ing: "And said plaintiff avers, that then and there the
said property being found and converted and disposed
of the same to their—the defendant's—own use and ben-
efit, to the damage of said plaintiff in the sum of $300."
The action, therefore, is not for misconduct in office, but
for the value of the property taken.

"Misconduct in office" may be defined as unlawful
behavior or neglect by a public officer, by which the
rights of the parties have been affected.   Thus, a sher-
iff or constable is liable to a plaintiff for refusal or
neglect to serve process, or want of diligence in ser-
vice; for the escape of a defendant who was lawfully
arrested on civil process, either mesne or final; for
neglect or refusal to return process; for making a false
return; for negligently caring for goods whereby some
of them are lost; for neglect to pay over moneys col-
lected, and the like.   Cooley on Torts, 393.

A justice of the peace has jurisdiction in cases where the officer has failed to make return, made a false return, or has failed to pay over money collected on execution issued by a justice of the peace. Gen. Stat., 665. In other cases the action must be brought in the district court. But this action, not being for misconduct in office, should have been commenced before a justice of the peace.

As was said in *Beach v. Cramer*, 5 Neb. 98, the design of the law is to abolish not only fictitious issues but fictitious claims. The amount *claimed* in the petition or bill of particulars determines the right of the district or county court, under the increased jurisdiction, to retain a cause for trial. If the verdict is for less than one hundred dollars, the plaintiff is entitled to judgment thereon, but each party must pay his own costs. *Geere v. Sweet*, 2 Neb., 77. *Beach v. Cramer*, 5 Id., 98. *Ray v. Mason*, 6 Id., 101.

It appears from the record that seven witnesses were allowed $86.60 as fees, and the entire amount of costs in the court below exceeds $154.00. Such costs are a burden upon litigants. The trial does not appear to have been a protracted one, and probably occupied less than a day. The principal portion of the costs probably were incurred by witnesses attending court waiting for the trial. To obviate this difficulty, cases should be set for particular days of the term, and if possible tried at the time designated. If costs are needlessly incurred, they should be taxed to the party at fault. So far as it is consistent with its duty in enforcing and protecting the rights of the parties, the court should discourage the accumulation of costs. The judgment of the district court as to costs is reversed, and each party must pay his own costs.

JUDGMENT ACCORDINGLY.