FRANCIS MOORE AND A. C. HAUSH, PLAINTIFF IN ERROR,
v. ALANSON F. DARROW, DEFENDANT IN ERROR.

**Costs.** D. sued M. & H. in the county court for a balance of $154.67. M. & H. answered denying D.'s cause of action and setting up an offset against him amounting to $138. The jury found that there was due from the defendants to the plaintiff upon the cause of action set forth in his bill of particulars, the sum of $193.40, and that there was due from the plaintiff to the defendants upon their set-off the sum of $118.40. That there was therefore found to be due to the plaintiff from the defendants the sum of $75.00. *Held*, on error, that the plaintiff was not entitled to costs.

ERROR to the district court for York county. Tried below before POST, J.

*Scott & Conner*, for plaintiffs in error.

*France & Sedgwick*, for defendants in error.

COBB, J.

Darrow sued Moore and Haush in the county court of York county for an alleged balance of $154.67. The said Moore and Haush answered, denying Darrow's cause of action, and setting up an off-set against him amounting to $138. Upon the trial the jury returned their verdict in the following words: " We the jury   *   *   *   do find and say that there is due from defendants to the plaintiff, upon the causes of action set forth in his bill of particulars, the sum of $193.40; and we further find that there is due from the plaintiff to the defendants, upon their set-off, the sum of $118.40. We therefore find that there is due the plaintiff from the defendants a balance amounting to the sum of $75, which we assess to the plaintiff as the amount of his recovery." Upon this verdict the county court ren-

Moore v. Darrow.

·dered judgment against the defendants Moore and Haush for the said sum of seventy-five dollars and costs. Moore and Haush resisted the judgment for costs, and took the cause to the district court on error, where the judgment of the county court was affirmed, and they now bring the cause to this court on error.

This question has been presented to and decided by this court in the three several cases of *Gere v. Sweet*, 2 Neb., 76. *Beach v. Cramer*, 5 Id., 98, and *Ray v. Mason*, 6 Id., 101. These cases have all held that as they were originally brought in a court other than that of a justice of the peace, and as they might lawfully have been brought before a justice of the peace, that the plaintiff could not recover costs. Indeed I do not see how the court could hold otherwise in view of the language of sec. 621 of the code, which is as follows: "If it shall appear that a justice of the peace has jurisdiction of an action, and the same has been brought in any other court, the plaintiff shall not recover costs."

There is a dictum of Mr. Justice Swan in *Brunaugh v. Worley*, 6 Ohio State, 597, which, if good law, applied to the case at bar would take it out of the rule laid down as well in that case as in the Nebraska cases. After quoting sec. 552 of their code, of which our sec. 621 is a literal copy, the learned judge says: "It is true that at the time the code took effect the court of common pleas and justices of the peace had concurrent jurisdiction when the amount in controversy did not exceed one hundred dollars. Now, by statute, justices of the peace have exclusive jurisdiction of any sum not exceeding one hundred dollars. We are of opinion that this change of jurisdiction did not abrogate the section of the code above referred to, in relation to the recovery of costs by the plaintiff in cases in which it appears from the verdict that the amount in controversy did not exceed one hundred dollars. But there

is this exception to the above rule: Where the plaintiff claims by his petition more than one hundred dollars, and the jury find his claim to exceed that sum, but it is, by counter-claim or set-off allowed by the jury, reduced to an amount less than one hundred dollars, the plaintiff is entitled to his costs. This exception was recognized under the old law, and the same reason exists for its recognition under section 552 of the code." The announcement of this exception was not at all necessary to the disposition of the case then under consideration, as it came within the rule and was not claimed to come within the exception as laid. But even was the above the opinion of the court in the case, and not mere *obiter dicta* as it is, notwithstanding the high character of that court and the judge who delivered the opinion, we could not follow it.

The case at bar is exactly within the exception as laid down by Judge Swan, and I see no reason which would give the plaintiff below in this case costs in the district court, which would not apply to every case of mutual dealings where the debit side of the account amounts to a hundred or even fifty dollars.

Section 1103 of the code is as follows: "The jurisdiction of justices of the peace shall not extend to any case where the sum in question shall exceed one hundred dollars, but may extend to that sum in all cases except as limited in this title." Gen. Stat., 706.

The words "sum in question" in this section cannot mean the amount claimed by the plaintiff, as that construction would deprive the justice of jurisdiction in all that numerous class of cases of mutual accounts where the dealings on either side exceed a hundred dollars, yet where the balance is quite small. It never was the intention of the legislature to drive this numerous class of cases into the county or district court. The policy of the law as expressed in sec. 621 of the code

is to require the plaintiff, on pain of losing his costs, to bring his suit in the least expensive and most convenient court which can lawfully take jurisdiction of his case, and such policy might be frustrated in any case if the jurisdiction of the court could be controlled by the claim of the plaintiff in a sense to regulate the question of costs.

The judgment of the district court, so far only as the same awards costs to plaintiff in the county court, is reversed with costs to the plaintiffs in error, both in this court and in the district court.

JUDGMENT ACCORDINGLY.