WRIT DENIED.

--------

ED. ROSENBAUM, PLAINTIFF IN ERROR, v. PAULINA DUNSTON, DEFENDANT IN ERROR.

Costs. In an action under section 15, of chapter 50, of the Compiled Statutes, where the damages claimed were five hundred dollars; in the county court, where the action was commenced, the plaintiff recovered two hundred and five dollars. Upon ap-

peal by the defendant to the district court the plaintiff recovered one hundred and eighty-one dollars; *Held*, That plaintiff could not recover her costs.

ERROR to the district court for Cass county.    Tried below before MORRIS, J., sitting for POUND, J.

*Will S. Wise* and *Smith & Beeson*, for plaintiff in error, cited: Comp. Stat., chap. 50, § 19.    *Geere v. Sweet*, 2 Neb., 76.    *Beach v. Cramer*, 5 Neb., 98.    *Ray v. Mason*, 6 Id., 101.    *Martin v. Grover*, 9 Id., 263.

*A. N. Sullivan*, for defendant in error.

This action is on liquor dealer's bond, and law says "damages and expenses" may be recovered in any court of competent jurisdiction.    Expenses and costs are synonymous.    1 Bouvier, 370.

COBB, CH. J.

This is a petition in error to the judgment of the district court of Cass county, and is based upon the overruling of the motion of the plaintiff in error, to retax the costs in the case, or rather to tax the costs in the case to the defendant in error, who was the plaintiff in the court below.

The action was commenced by the defendant in error against the plaintiff in error, in the county court, where she recovered a judgment in the sum of $205 under the provisions of section 15, chapter 50 of the Compiled Statutes.    The defendant appealed the cause to the district court, where a new trial was had, and a verdict in favor of the plaintiff in the sum of $181; and judgment being rendered in her favor for that amount and costs, the defendant therein moved for a retaxation of costs as above stated; that motion being overruled, he brings the cause to this court on error, so that the only question presented for the consideration of this court is, whether since the act enlarg-

ing the jurisdiction of justices of the peace to two hundred dollars, a plaintiff instituting a suit in the county court, claiming five hundred dollars damages, and recovering more than two hundred dollars, and upon appeal by the defendant to the district court recovers less than two hundred dollars, can he recover costs?

The additional point is also made, that under the peculiar provisions of section 15, chapter 50, an action brought thereunder is taken out of the general rule, and that in all cases in whatever court and whatever may be the amount of recovery under that section, the plaintiff is entitled to costs.

But upon the general question, the cause having been before this court, and the statutes applicable thereto having been construed by it on at least three occasions, in the cases cited by counsel for plaintiff in error, there can be no question of its being, as said by the court, in the opinion in *Ray v. Mason*, 6 Neb., 101, "the well established rule of this court, that if a justice of the peace has jurisdiction of an action, and it has been brought in any other court, the plaintiff shall not recover costs, and the jurisdiction in such cases is determined by the amount recovered, and not by the amount claimed."

Upon the second point, I am of the opinion that the language of sec. 15, chap. 50, is not sufficient to take this case out of the general rule. That section is as follows:

"The person so licensed shall pay all damages that the community or individuals may sustain in consequence of such traffic, he shall support all paupers, widows, and orphans, and the expenses of all civil and criminal prosecutions growing out of, or justly attributed to his traffic in intoxicating drinks; said damages and expenses to be recovered in any court of competent jurisdiction by any civil action on the bond named and required in section 6 of this act, a copy of which, properly authenticated, shall be taken in evidence in any court of justice in this state; and it shall be the duty of the proper clerk to deliver on demand

such copy to any person who may claim to be injured by such traffic."

It will be observed that this section does not speak of costs, but of damages and expenses. These, if recovered at all, must be recovered in a suit as a substantive cause of action and not as costs.

It is deemed unnecessary to animadvert at length upon this case, or the law applicable thereto, but only necessary to state as the conclusion to which we have arrived, that each party in the court below must pay their own costs.

The order of the district court overruling the motion for retaxation of costs is reversed, and the case remanded to the district court for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.