CHARLES H. WILDE, PLAINTIFF IN ERROR, V. WILLIAM BOLDT, DEFENDANT IN ERROR.

1. **County Courts:** JURISDICTION. The act of February, 1881, increasing the jurisdiction of a justice of the peace from $100 to $200, did not increase the jurisdiction of a county judge, as distinguished from the county court to the same extent.

2. ———: TRIAL: APPEARANCE. December 13th, 1881, an action was commenced in the county court of Cuming county for $122.

Summons was issued returnable on the 17th of the same month, and within the December term of said court. The defendant appeared generally and made no objection to the summons. *Held,* That the case stood for trial at the December term, the general appearance waiving the defects in the summons.

3. ———: JUDGMENT·ON APPEAL. On trial in the county court the plaintiff recovered judgment for $38.77½, when the defendant appealed to the district court, and in that court the plaintiff recovered judgment for $18.00, whereupon the district court refused to render judgment in favor of plaintiff for his costs. *Held* No error.

ERROR to the district court for Cuming county. Tried below before BARNES, J.

*T. M. Franse,* for plaintiff in error.

*M. McLaughlin,* for defendant in error.

REESE, J.

On the 13th day of December, 1881, the plaintiff in error commenced a suit in the county court in Cuming county, claiming the sum of $122. The bill of petition was headed "Petition justice jurisdiction." A summons was issued, returnable the 17th day of December. On the return day the parties appeared, and on motion of the plaintiff the cause was adjourned until the 7th of the following January. On the trial the plaintiff recovered a judgment for $38.77½. From this judgment the defendant appealed to the district court, and on trial in that court a judgment was rendered in favor of the plaintiff for $18.00, whereupon the court taxed to the plaintiff his own costs, or more properly speaking, refused to render judgment in favor of plaintiff for his costs. To this action of the court the plaintiff excepted and brings the cause into this court for review.

At the time of the commencement of this action, justices of the peace had jurisdiction in actions where the amount

claimed did not exceed $200, this jurisdiction being given by the act of the 28th of February, 1881. But no act had at that time been passed increasing the jurisdiction of the county judges, aside from what might be called term cases, to $200.

There are two questions presented by this record. . 1st. Whether the act increasing the jurisdiction of justices of the peace to $200, passed ·in February, 1881, by reason of the provisions of section two, of chapter 20 of the Compiled Statutes, which provided that, " county judges in their respective counties shall have and exercise the ordinary powers and jurisdiction of a justice of the peace," etc., did or did not increase the jurisdiction of county judges to $200; and 2d. If not, whether the appearance of the defendant before the county judge in obedience to the summons, and the subsequent proceedings in the case, amounted to a waiver of the defendant's right to object to the cause being treated in all its stages as though originally cognizable before a justice of the peace.

The first question must be answered in the negative.

At the time of the enactment of section two of chapter twenty, above referred to, the jurisdiction of a justice of the peace was limited to one hundred dollars, and that amount was by said section adopted as the jurisdiction of the probate (now county) judge. That being the " ordinary " jurisdiction of such officers. By that act, section eight, it was provided that where the sum for which the action was brought exceeded one hundred dollars, the probate judge should issue his summons returnable on the first day of the next term, and the summons should be served at least ten days before the term at which the cause stood for trial. By section nine, it is provided that in replevin cases, if the appraised value of the property exceeds one hundred dollars and is less than five hundred dollars, the cause shall stand for trial at the next term. By section ten, if the amount claimed exceeds one hundred dollars, the bill of

particulars must be verified as a petition in the district court, and by section eleven, if the amount claimed exceeds one hundred dollars, motions and demurrers shall be allowed, and the rules of practice concerning pleading and process shall obtain as far as may be. By section thirteen, if the amount involved exceeds one hundred dollars, a jury may be had by either party, but the demand therefor must be in writing. By section sixteen it is provided that in cases of arrest or the attachment of property, if the demand exceeds one hundred dollars, the proceedings must conform to the proceedings in similar actions in the district court. This is, to our mind, sufficient evidence that in the passage of the act referred to, it was the intention of the legislature to make the jurisdiction of county judge *as judge* just one hundred dollars and no more. That in the legislative mind one hundred dollars was the boundary line between the jurisdictions of the county judge and the county court. That within that amount the county judge should have the ordinary powers and jurisdiction of a justice of the peace. Beyond or above that amount the power and jurisdiction should be governed by the provisions of the act creating the court, excepting so far as the procedure in the district court was applicable. We are strengthened in this view by the amendment of the sections above referred to by the act of February 26th, 1883.

We therefore conclude that at the time of the issuance of the summons in this cause the jurisdiction of the county judge—as distinguished from the county court—was limited to one hundred dollars, and that the summons ought to have been made returnable on the first day of the following term. But instead of this it was made returnable on the 17th, which was within the December term of the county court. Had the defendant made the proper objection to this, the summons would have to have been set aside and a new one issued. But he waived the objection and

made a general appearance, and the case then stood for trial during that term. The cause was then adjourned until the January term and was finally tried on the 16th day of that month. The case was not within the jurisdiction of the county judge while exercising the jurisdiction of a justice of the peace, and must be treated as having been brought originally in the county court.

Section six hundred and twenty-one of the civil code provides that " if it shall appear that a justice of the peace has jurisdiction of an action, and the same has been brought in any other court, the plaintiff shall not recover costs." We have found that this action was originally instituted in the county court. The final judgment in the district court was eighteen dollars, which was within the jurisdiction of a justice of the peace, or the county judge when in the excise of that jurisdiction. *Martin v. Grover*, 9 Neb., 263. Therefore the plaintiff was not entitled to recover his costs. *Moore v. Durrow*, 11 Neb., 463. *Beach v. Cramer*, 5 Neb., 98.

The decision of the district court was correct and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.