JOHN DANIELS, PLAINTIFF IN ERROR, V. ELIZABETH COLE, DEFENDANT IN ERROR.

1. **Replevin:** PETITION. A petition in replevin is sufficient if it contain proper allegations that the plaintiff is the owner of the property in dispute and entitled to its immediate possession, and that it is unlawfully detained by the defendant. It is not necessary that it should contain averments that the property was not taken in execution on any order or judgment against

Daniels v. Cole.

the plaintiff or for the payment of any fine, tax, or amercement assessed against him, or by virtue of an order of delivery in replevin or in other mesne or final process against him. These allegations are required only in the affidavit to be filed at the commencement of the action.

2. Evidence examined, and *Held*, Sufficient to sustain the verdict.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Foxworthy & Son,* for plaintiff in error.

*W. B. Baird,* for defendant in error.

REESE, J.

This was an action in replevin instituted by defendant in error, for the possession of certain property levied on by virtue of an execution in the hands of an officer, and which had been issued upon a judgment in favor of plaintiff in error and against the husband of defendant in error. The trial resulted in a verdict and judgment in favor of defendant in error. Plaintiff in error, who was defendant below, seeks a review by proceedings in error.

Upon the trial plaintiff in error objected to the introduction of any evidence by defendant in error, for the reason that her petition did not state facts sufficient to constitute a cause of action. This objection was overruled, and the ruling thereon is now assigned for error. The contention is, that as the petition does not allege that the propperty was not taken in execution, or on any order or judgment, etc., against the plaintiff filing the petition, as is required in an affidavit for replevin under the provisions of section 182 of the civil code, it does not state a cause of action. In short it is contended that a petition in replevin should contain the averments mentioned, and failing to do so, the petition is demurrable. We know of no rule of pleading which requires a petition in replevin to contain

these allegations. In fact, the uniform holding of this court upon kindred questions seems to me to lead to a different conclusion. *Haggard v. Wallen*, 6 Neb., 271. *School District v. McIntie*, 14 Id., 48. See also Maxwell's Pl. and Pr., 1885 ed., 293. There was no error in the ruling of the court on the objection to the introduction of evidence.

The remaining contention may be said to be that the verdict of the jury was not sustained by the evidence, although the motion for a new trial consists in alleged errors of the jury in "not giving credence" to certain evidence introduced by plaintiff in error.

It is claimed by defendant in error that the property in dispute, and which was levied on as the property of her husband, was and is her sole and separate property, and that the means with which it was procured were secured from her father's estate, and not from her husband. She in effect so testified, as also did her husband.

On the part of plaintiff in error it was contended that defendant was not the owner, and that the property was the property of the husband; and to sustain this view of the case he introduced, among other testimony, proof that the property in dispute, as well as that through which it was obtained, was listed for taxation for the years 1881, 1882, and 1883, as the property of the husband; that the husband purchased it from Mr. Gillam without disclosing or claiming that he was purchasing for the wife, and that a few days before the levy he executed to defendant in error a bill of sale transferring to her not only the property in dispute, but apparently all the personal property he had, and that defendant in error, at the time of the levy, exhibited the bill of sale and claimed to own the property by virtue thereof. It was also claimed by defendant in error that the property in question was exempt from such levy under the exemption laws of the state.

These questions were properly submitted to the trial

jury, and we think their finding thereon must stand. It would seem quite probable that the purpose of the husband of defendant in error in making the bill of sale was a fraudulent one; yet if the property was exempt from execution such purpose would not make it liable to seizure; and if the property was the separate property of defendant in error the making of the bill of sale could not change that ownership.

It appears that the bill of sale was made at the suggestion, and upon the advice, of a third party, and without consultation between the husband and wife; that it included a large amount of other property beside the mare in dispute, so that the mere fact of the mare being included in the bill would not be conclusive that she was not exempt, nor that she was not the property of defendant in error. These were the questions presented by her, and the jury found in her favor, perhaps, on both. She testified that she received $200 and a span of horses from her father's estate eleven years ago. That she gave one of the horses and a part of the money to her husband; that the other horse was sold and a part of the money applied to the purchase of a colt; that the colt was traded for a span of mules, the mules sold and the property in question purchased with the proceeds, and that her ownership of the property was maintained throughout. If the jury believed her, which they perhaps did, the verdict should be upheld. They were the judges of the weight of her testimony, as well as that of her husband and the other witnesses.

It is claimed that plaintiff in error purchased the note upon which the judgment was rendered, relying upon a property statement made thereon to the effect that the maker —the husband—owned in his own name personal property of the value of $2,000 clear of all incumbrance, and it is insisted that he is estopped from denying its truth, and should be bound by it. Were this an action between the

maker of the note and plaintiff in error, this question might arise, but we fail to see that it can in this action. It is not claimed that defendant in error signed either the note or property statement, nor that either were made with her knowledge or consent.

We fail to find any error which requires a reversal of the judgment of the district court, and it is therefore affirmed.

JUDGMENT AFFIRMED.

MAXWELL, CH. J., concurs.

COBB, J., dissents.