## CITY OF HASTINGS v. ARTIE L. MILLS.

FILED MARCH 3, 1897. No. 7163.

1. Costs: ACTION AGAINST CITY: DAMAGES. Mills sued the city in the district court claiming $5,000 damages which he alleged he had sustained by falling into an excavation in one of its streets negligently left unguarded. He recovered a verdict for $200. *Held,* (1) That, assuming the excavation was a nuisance within the meaning of section 621 of the Code of Civil Procedure, a justice of the peace had jurisdiction to render judgment for the amount of the verdict and therefore Mills was not entitled to recover costs; (2) that the amount claimed by Mills in his petition deprived a justice of the peace of jurisdiction to try the case but the amount recovered determined his right to recover costs.

2. ———. The right of a litigant to recover costs is a statutory, not a common-law, right.

ERROR from the district court of Adams county. Tried below before BEALL, J. *Reversed.*

*A. H. Bowen,* for plaintiff in error.

*C. H. Tanner, contra.*

RAGAN, C.

In the district court of Adams county Artie L. Mills, by his next friend, sued the city of Hastings for damages for an injury which he alleged he had sustained by falling

into an excavation in one of the streets of said city, negligently permitted by it to remain unguarded. He had a verdict and judgment for $200. Thereupon the city moved the court for an order to tax it with only its costs, and not with the costs made by Mills. This motion the district court overruled and permitted Mills to recover from the city the costs expended by him in the action. To reverse this order the city prosecutes here a petition in error.

Section 621 of the Code of Civil Procedure is as follows: "If it shall appear that a justice of the peace has jurisdiction of an action, and the same has been brought in any other court, the plaintiff shall not recover costs; and in all actions for libel, slander, malicious prosecution, assault, assault and battery, false imprisonment, criminal conversation, seduction and actions for nuisance, or against a justice of the peace for misconduct in office, if the damages assessed be under five dollars the plaintiff shall not recover any costs." The contention of the city is that a justice of the peace had jurisdiction of this action, and, therefore, it is not liable for the costs expended by Mills in prosecuting the action. The contention of Mills is that his is an "action for nuisance," within the meaning of said section of the Code, and that a justice of the peace had not jurisdiction thereof, and that, if he had recovered only $5 he would have been entitled to recover costs. We assume, for the purposes of this case only, that the unguarded excavation left in its street by the city was a nuisance, and that the action at bar is an "action for nuisance,"—that is, an action arising out of and caused by such nuisance,—and proceed to the inquiry as to whether a justice of the peace has jurisdiction of such action. Section 18, article 6, of the constitution provides: "Justices of the peace * * * shall * * · * have and exercise such jurisdiction as may be provided by law; *Provided,* That no justice of the peace shall have jurisdiction of any civil case where the amount in controversy shall exceed two hundred dollars, nor in a criminal

case where the punishment may exceed three months' imprisonment or a fine of over one hundred dollars, or in any manner wherein the title or boundaries of land may be in dispute." It will thus be seen that, subject to the limitations named in said section, the constitution has left it to the legislature to say over what subjects and actions a justice of the peace shall have jurisdiction. Section 905 of the Code of Civil Procedure, adopted in 1866, enumerates ten subjects within the jurisdiction of justices of the peace; and section 906 of the Code adopted in 1881 gave justices of the peace jurisdiction in actions for trespass to real estate where the damages demanded did not exceed $200; and section 1103 of the Code adopted in 1881 provided: "Justices of the peace shall have jurisdiction in all cases where the sum in question does not exceed $200, except in cases limited in this title." The limitations alluded to are found in section 907 of the Code, which provides that a justice of the peace shall not have jurisdiction to recover damages for an assault, an assault and battery, malicious prosecution, actions against justices of the peace or other officers for misconduct in office, for slander, verbal or written, on contracts for real estate, nor in actions in which the title to real estate is sought to be recovered or may be drawn in question.

Reading the constitution and the sections of the Code just quoted together, it appears that justices of the peace have jurisdiction of the subject-matter of all civil cases where the sum in question does not exceed $200, except in actions the subject-matter of which are expressly named in section 907 of the Code; and we conclude, therefore, that a justice of the peace has jurisdiction of an action brought by one to recover damages which he alleges he has sustained as the result of a city maintaining or permitting to exist in its streets a nuisance, where the amount of damages claimed does not exceed $200. The amount claimed by the plaintiff in his petition determines, in the first instance, whether a justice of the peace has jurisdiction of the action; and if a plaintiff claims more

than $200 he cannot bring his action before a justice of the peace; but jurisdiction must not be confounded with right to recover costs. Jurisdiction is the authority to hear and decide. The right of a litigant to recover costs is not a common-law right, but a statutory one, and while the amount claimed determines what court has jurisdiction, the amount recovered determines the plaintiff's right to costs. The meaning of section 621 of the Code is not that if a plaintiff claims more than $200 he may thereby oust the justice of the peace of jurisdiction of the case and still recover his costs in some other court, if his recovery be within the jurisdiction of the justice. He may claim in his petition what he pleases and thereby oust the justice of the peace of jurisdiction to try the case, but if his recovery is within the jurisdiction of the justice the statute does not award him costs. (See *Geere v. Sweet*, 2 Neb., 78; *Beach v. Cramer*, 5 Neb., 98; *Ray·v. Mason*, 6 Neb., 101; *Martin v. Grover*, 9 Neb., 263; *Miller v. Roby*, 9 Neb., 471; *Moore v. Darrow*, 11 Neb., 462; *Wilde v. Boldt*, 16 Neb., 539; *Goodman v. Pence*, 21 Neb., 459.)

We must not be understood as deciding whether or not a justice of the peace has the jurisdiction to abate a nuisance. This is not such an action. The provisions of section 1103 of the Civil Code are very broad, and it may be that a justice of the peace has now jurisdiction in civil actions for false imprisonment, criminal conversation, seduction, and actions for nuisance where the amount of damages claimed does not exceed $200. But whether a justice has such jurisdiction is not presented by this record and not decided. The order of the district court is reversed and the cause remanded with instructions to tax the costs made by Mills to him.

REVERSED AND REMANDED.