JENNIE S. MORSCH V. REBECCA S. BESACK ET AL.

FILED NOVEMBER 4, 1897. NO. 7480.

1. **Review:** CONFLICTING EVIDENCE. A verdict on conflicting evidence will not be disturbed.

2. ————: RULINGS ON EVIDENCE. Alleged errors in the admission or rejection of testimony are not reviewable where the particular rulings are not pointed out in the petition in error.

3. ————: ————: OFFER OF PROOF. The sustaining of an objection to a question put by a party to his own witness will not be considered unless the party made an offer indicating what he expected to prove by such witness.

4. **Instructions:** EXCEPTIONS. In order to obtain a review of an instruction an exception must have been taken thereto in the trial court.

5. ————: ASSIGNMENTS OF ERROR. Instructions will be disregarded which are not pointed out in the motion for a new trial and petition in error.

6. **New Trial:** AFFIDAVITS: BILL OF EXCEPTIONS. Affidavits used on the hearing of a motion in the trial court, to be available on review, must be included in a bill of exceptions,

7. **Judgment: VERDICT: PARTIES.** A judgment must conform to the verdict, not only as to the amount, but as to the parties against whom the finding is made.

8. **Costs: JUSTICE OF THE PEACE.** Where a justice of the peace has jurisdiction of a cause, and the same has been brought in any other court, plaintiff cannot recover costs. Each party, in such case, is liable for his own costs.

ERROR from the district court of Lincoln county. Tried below before NEVILLE, J. *Reversed.*

*J. S. Hoagland,* for plaintiff in error.

*H. M. Grimes* and *Wilcox & Halligan,* contra.

NORVAL, J.

This was an action upon a promissory note. There was a verdict against both defendants for $1, and from the judgment rendered thereon against one of them alone, plaintiff prosecutes error.

The first assignment argued is that the verdict is contrary to the evidence. The note in suit represents a portion of the purchase price for a certain meat market, fixtures, outbuildings, corrals, etc., sold by plaintiff to the defendant Rebecca S. Besack. Defendants admit the execution and delivery of the note, and that there remains unpaid thereon $347.10, the sum for which suit was brought. The defense is a partial failure of consideration. The testimony introduced on behalf of defendants tends to prove that a corral, one cow, one cooling room, and a smokehouse were included in the property for which the note was given; that plaintiff was not the owner thereof; that the vendee never obtained title thereto, and that the value of said property equaled the balance remaining unpaid on the note. There was also testimony to the effect that prior to the purchase the defendant D. W. Besack examined the property, the same having been pointed out to him, at plaintiff's request, by one Otto Richter, who was in the employ of plaintiff as manager of the meat market, and who represented that

the property in controversy pertained to the market and would pass to the purchaser. At the time of the sale all the property was in possession of the plaintiff and was being used in connection with the market.

The testimony adduced by her tended to establish that she did not sell any portion of the property in question to plaintiff, never authorized Richter to show the same to defendant, or to act in any manner for her in making the deal. There was a sharp conflict in the evidence. This being the case it is too firmly established to require the citation of authorities that this court will not weigh the same, or go further than to ascertain that the verdict is established by sufficient legal evidence. The question was largely one of veracity of the witnesses. The jury believed those who testified for the defense and the finding is not without support in the evidence.

The next assignment argued in the brief is: "The court erred in sustaining defendants' objection to certain questions to defendant D. W. Besack on cross-examination. (See pages 22, 24, and 34.)" This assignment is too general and indefinite to require attention. It has been often asserted by this court that alleged errors must be specifically pointed out in the petition in error to be available here. (*Grand Island & W. C. R. Co. v. Swinbank*, 51 Neb., 521.) For the reasons just stated the assignment relating to the sustaining of objections to certain questions to witness Besack will not be considered.

Complaint is made in the brief of the refusal of the trial court to permit plaintiff's witnesses, Hoagland and Heck, to answer certain questions put to them upon direct examination. These rulings are not available since no tender of proof was made in the court below. (*Barr v. City of Omaha*, 42 Neb., 341.)

Another assignment in the petition in error and motion for a new trial is that "the court erred in giving to the jury the fourth, fifth, and seventh instructions." The only criticism especially made in the brief is directed against the fourth instruction. The fifth was not unfavorable to

the defendant. It merely directed the jury that if they found from the evidence the defendant received from plaintiff all the property conveyed and all that she, or any one authorized to act in her behalf, represented as being included in the sale, the verdict should be for plaintiff for the amount unpaid on the note. This was good law and was applicable to the evidence. The conclusion reached as to the fifth paragraph of the charge renders unnecessary an examination of the fourth and seventh, since they are all grouped in a single assignment. This course is sanctioned by the repeated holdings of this court.

The eighth instruction given by the court on its own motion is assailed, but it cannot be reviewed for the obvious reasons that no exception was taken thereto in the trial court and its giving is not assigned for error, either in the petition in error or motion for a new trial.

It is argued that there was misconduct on the part of one of the jurors in going into the meat market in question during the trial, without leave of the court, and examining the fixtures therein. We are unable to verify the correctness of this charge inasmuch as the affidavits setting up that matter, which are included in the transcript, are not preserved by a bill of exceptions. The assignment is, therefore, not available. (*Wright v. State,* 45 Neb., 44; *Korth v. State,* 46 Neb., 631; *First Nat. Bank of Madison v. Carson,* 48 Neb., 763.)

For the reason just indicated the alleged misconduct of the defendant D. W. Besack cannot be reviewed.

The assignment that the judgment is not in accord with the verdict is well taken. The verdict was against both defendants while judgment was entered against Rebecca Besack alone. This reversible error is available in this court, notwithstanding no motion was made in the lower court to correct the judgment. It was the duty of the court of its own accord, without its attention being especially challenged thereto, to have rendered a judgment against both defendants.

Lastly, it is urged that the court erred in entering

judgment against the plaintiff for the costs in the case, amounting to $111.78. Section 621 of the Code of Civil Procedure provides: "If it shall appear that a justice of the peace has jurisdiction of an action, and the same has been brought in any other court, the plaintiff shall not recover costs." This action originated in the county court proper, the plaintiff claiming an amount in excess of the jurisdiction of a justice of the peace. Judgment there went against the plaintiff, and on appeal she recovered $1, which sum being within the jurisdiction of a justice of the peace, under said section 621, plaintiff was not entitled to her costs. (*Ray v. Mason*, 6 Neb., 101; *Moore v. Darrow*, 11 Neb., 462; *Goodman v. Pence*, 21 Neb., 459; *Pickens v. Polk*, 42 Neb., 267; *City of Hastings v. Mills*, 50 Neb., 842.) Neither was there any authority for recovering costs against her. Each party is liable for her own costs. The judgment is reversed and the cause remanded to the district court with directions to render judgment upon the verdict against both defendants, but without costs to either party.

REVERSED AND REMANDED.