ALFRED SHELLENBARGER ET AL., APPELLANTS, V. ARTIE H. SHELLENBARGER, APPELLEE.

291 N. W. 95

FILED MARCH 22, 1940. No. 30803.

*Harold L. Gurske,* for appellants.

*Armstrong & McKnight, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

MESSMORE, J.

The plaintiffs brought this action in the county court of Richardson county to recover a money judgment in the amount of $502.18, with interest. The defendant, by cross-petition, alleged an offset to plaintiffs' amended petition, and prayed judgment against plaintiffs in the sum of $15.97. The county court entered judgment in favor of the plaintiffs for $200, and defendant appealed to the district court. The district court tried the cause on the original pleadings filed in the county court and returned a judgment in favor of the plaintiffs and against the defendant in the sum of $112.05, and further ordered and decreed that plaintiffs pay the costs of appeal and costs in the district court in the sum of $39.20, and that each party pay his own costs incurred in the trial of the cause in the county court. The plaintiffs filed a motion in the district court to retax costs.

*Whitall v. Cressman*, 18 Neb. 508, 26 N. W. 245. This motion was overruled June 27, 1939. Plaintiffs appeal.

The plaintiffs properly selected the forum in which to bring this action. Const. art. V, sec. 16. See sections 27-506, 27-502, Comp. St. 1929.

The defendant relies on the cases of *Moore v. Darrow,* 11 Neb. 462, 9 N. W. 637; *Rosenbaum v. Dunston,* 16 Neb. 111, 19 N. W. 610; *Wilde v. Boldt,* 16 Neb. 539, 20 N. W. 849, and cases of like holding. The foregoing cases were decided under the language of section 621 of the original Code, which reads as follows: "If it shall appear that a justice of the peace has jurisdiction of an action, and the same has been brought in any other court, the plaintiff shall not recover costs." Gen. St. 1873, sec. 621. Jurisdiction in such cases is determined by the amount of the recovery and not by the amount claimed. Therefore, the defendant contends the plaintiffs are not entitled to recover costs in the district court; they brought this action in the county court for $502.18 and recovered in the district court a judgment for $112.05; it appears that the justice of the peace had jurisdiction; therefore, the language of section 621 of the Code is pertinent.

With this contention we cannot agree. Section 621 of the original Code was finally amended by section 4, ch. 152, Laws 1923; that part necessary to set out reading as follows: "If it shall appear that a justice of the peace has jurisdiction of an action and the same has been brought in *district court* the plaintiff shall not recover costs." (Italics ours.) The action in the instant case was brought in the county court, the proper forum for such case, and section 621 of the Code as amended in 1923, now section 20-1709, Comp. St. 1929, does not apply.

In addition to the foregoing contention, the defendant relies on section 20-1711, Comp. St. 1929, which reads: "In other actions the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable." This provision of the statute is not applicable in the instant

case, for the reason that the case at bar is an action for the recovery of money only, and section 20-1708, Comp. St. 1929, is pertinent. Said section reads: "Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only."

For the reasons given in this opinion, the cause is reversed, with directions to the district court to enter judgment against the defendant and in favor of the plaintiffs for costs incurred in the district court; that part of the court's judgment, to divide the costs in the county court, is vacated, and the costs allowed of course, within the contemplation of section 20-1708, Comp. St. 1929.

REVERSED.