McKAY, MUNGER & WENTZ, PLAINTIFFS IN ERROR, V. C. J. HINMAN, DEFENDANT IN ERROR.

1. **Indorser:** COSTS OF PROTEST. It is only where a protest is necessary in order to fix an indorser's liability that he can be subjected to the costs thereof.

2. **Practice:** INDORSEMENT ON SUMMONS. When the amount for which judgment will be taken is indorsed on the summons, and the defendant fails to appear, it is error to render one for a larger amount, although the excess be made up of the costs of protesting the note on which the action was brought.

3. ———: ERROR: REMITTITUR. Where, in a proceeding for the reversal of a judgment, the only error is that such costs were included in excess of the amount of such indorsement, and the defendant in error files a remittitur to that extent, the judgment should be affirmed as to the residue, but without costs.

4. **Summons:** DESCRIPTION OF PLAINTIFF'S CLAIM. In a joint action against the maker and indorser upon a promissory note, the claim in the summons was "for $75, with ten per cent interest from February 19th, 1880, and ten per cent of amount as attorney fee upon a certain promissory note." *Held*, Sufficient to apprise the indorser "of the nature of the claim against him."

THIS was an action brought in the county court of Hamilton county upon a promissory note executed by L. C. Predmore, payable to the order of C. J. Hinman, and by him transferred to the plaintiffs. Defendants defaulted and judgment was rendered in favor of plaintiffs. Hinman took the cause to the district court on a petition in error, where, on trial before POST, J., the judgment of the county court was reversed. The plaintiffs brought the cause here by petition in error.

*Alfred W. Agee,* for plaintiffs in error, cited *McPherson v. The Bank,* 12 Neb., 202. *Roggencamp v. Moore,* 9 Neb., 105. *Walker v. Bank,* 15 Ohio, 288. Maxwell's Justice, 43. *Brenner v. Weaver,* 1 Kan., 488. *M., K. & T. R. R. v. Brown,* 14 Kan., 560. The note itself was a sufficient bill of particulars. Comp. Stat., sec. 1100 *a,* p. 658.

*J. H. Smith,* for defendant in error.

Summons was insufficient. Comp. Stat., sec. 910, p. 633. *King v. Gottschalk,* 21 Iowa, 512. *Jeffrey v. Underwood,* 1 Pike, 108. Bill of particulars did not state a cause of action. Comp. Stat., sec. 952, p. 639. *Curtis & Co. v. Cutler,* 7 Neb., 315.

LAKE, CH. J.

The only error committed by the county court was in including the costs of the protest in the judgment. In transferring the note to the plaintiffs the indorser expressly waived demand, notice of non-payment, and protest. Having done this, the protest was unnecessary to fix his liability, and he could not properly be subjected to the expense of making it. It is only where a protest is essential to fix an indorser's liability that he can be subjected to such expense.

And there was still another reason why the inclusion of this expense in the judgment was unwarranted. As the statute requires, the amount for which judgment would be rendered if the defendant failed to appear was indorsed on the summons; and it did not include the costs of protest. The defendant did not appear, but still the judgment exceeded the amount thus indorsed two dollars and thirty-one cents—the notarial charges—and to this extent was erroneous. In the district court, however, and before the judgment of reversal was given, the plaintiff filed a *remittitur* as to this excess, and offered to have the judgment of the county court modified accordingly. This step having been taken, there was no necessity for an absolute reversal, which could result only in unnecessary delay and expense to the parties. The district court ought to have accepted the *remittitur* and affirmed the judgment as to the residue, but without costs.

It is also claimed, and was in the district court, that the summons was defective in not sufficiently describing the plaintiff's cause of action. There was nothing in this point that called for a reversal of the judgment. The summons complied substantially with the requirement of the statute in this particular. In the language of the statute, sec. 910, Comp. Stat., 633, the summons "must describe the plaintiff's cause of action in such general terms as to apprise the defendant of the nature of the claim against him." This summons described the cause of action as being a demand "for $75, with ten per cent interest from February 19th, 1880, and ten per cent of amount as attorney fee, upon a certain promissory note." Under the ruling of this court this description was certainly sufficient. *McPherson v. Bank*, 12 Neb., 202. It showed that the demand was for money only, and upon a promissory note to which the defendant must necessarily be a party. It showed it to be in the nature of assumpsit, and not of tort. The fact that it did not particularize the defendant Hinman

as an indorser was unimportant, although it would have evinced more precision and care to have done so.   Defendants should understand that it will not do to disregard the command of a summons to appear at a lawfully designated time to answer a complaint because of some merely technical defect, thus allowing judgment to go by default, and then hope to obtain a reversal on that ground.   After judgment thus permitted, such defects will be disregarded.

The objection to the bill of particulars is without any merit whatever.   The cause of action is set forth with all the particularity of a petition in the district court.   Besides, the note itself was attached thereto, thus showing fully and clearly the ground of the claim against the defendant.

For the reasons thus stated the judgment of the district court must be reversed, and the cause remanded to that court, with direction to enter a judgment in conformity to this opinion.

REVERSED AND REMANDED.