JASPER HUFFMAN v. WILLIAM ELLIS.

FILED NOVEMBER 18, 1897.    No. 7566.

Appeal from Justice of the Peace: ISSUES: JUDGMENT: RES JUDICATA. In a justice court plaintiff's bill of particulars contained two causes of action. The justice found for the defendant as to the first cause of action, and adjudged that he go hence without day, and against him on the second cause of action, and rendered a judgment against him for $——. The defendant alone appealed to the district court. *Held* (1) That the justice of the peace rendered, and could render, but one final judgment in the action; (2) that the appeal brought up the whole case; (3) that an answer which interposed in the district court the finding and judgment of the justice of the peace on such first cause of action as a plea of *res judicata* was a mere nullity.

ERROR from the district court of York county. Tried below before BATES, J. *Reversed.*

*G. W. Bemis*, for plaintiff in error.

*F. C. Power, contra.*

RAGAN, C.

Before a justice of the peace of York county Jasper Huffman brought this suit against William Ellis. In his bill of particulars Huffman alleged for a first cause of action that Ellis, being the owner of a certain tract of land, employed Huffman to find a purchaser for the same at the price of $4,000 and agreed to pay him for such service $80; that he procured for Ellis a purchaser ready, willing, and able, who offered to take said land at said price, and that Huffman, acting as Ellis' agent, contracted to sell said land to said party at said price; but Ellis refused to convey the land. For a second cause of action Huffman alleged that Ellis, subsequent to the time he refused to convey said land, as already stated, employed Huffman to find a purchaser for the said real estate at the sum of $4,500, agreeing to pay him a commission therefor of $90; and that Huffman, acting as the agent of Ellis, contracted to sell said last-mentioned purchaser said land at said price of $4,500; and that Ellis refused to consummate the sale. There was a prayer for judgment against Ellis for $170.

From the transcript of the proceedings in the case had before the justice and certified to the district court the following appears: "I find in favor of the plaintiff as to the second cause of action in the bill of particulars; and as to the first cause of action   *   *   *   I find for the defendant. It is therefore considered that as to the said first cause of action the defendant go hence without day; and as to the said second cause of action plaintiff recover from the defendant the sum of $90 and costs." From the judgment rendered by the justice Ellis appealed to the district court. In that court the plaintiff filed a petition setting out the two causes of action that constituted his bill of particulars before the justice. To this petition Ellis, in addition to a general denial, set up in his answer the finding of the justice in his favor on the first cause of action as a defense in the nature of a

48

plea of *res judicata* to Huffman's first cause of action. To this Huffman filed a reply setting out the entire proceedings had before the justice, including the fact that from the judgment of the justice Ellis had appealed. The district court, on motion of Ellis, struck out all this reply except so much as amounted to a general denial of the allegations of Ellis' answer. By its instructions the district court confined the jury to a consideration of the second cause of action stated by Huffman in his petition. The trial resulted in a verdict and judgment in favor of Ellis and Huffman brings the case here for review.

The court did not err in sustaining the motion of Ellis to strike out the allegations of Huffman's reply, but did err in sustaining the so-called "plea of *res judicata*." The answer of Ellis amounted to a general denial. All other averments of the answer were surplusage. There was pending before the justice of the peace but one action, and there was rendered and could be rendered by him in the case but one final judgment, and this had been vacated and set aside by Ellis' appeal therefrom; and after the appeal was duly docketed in the district court the action stood and was to be proceeded with there in all respects in the same manner as though it had been originally brought in the district court. (Code of Civil Procedure, sec. 1010.)

It seems to have been the opinion of the learned district court that because there were two causes of action in Huffman's bill of particulars filed with the justice, and that as to one of these causes of action the justice found in favor of Ellis, it was necessary for Huffman to appeal from that finding of the justice or the finding would be *res judicata*. The adoption of this practice would lead to a species of judicial hair-splitting not contemplated by the Code, and subversive of the ends of justice. In the case at bar the justice of the peace rendered only one final judgment. There being but one case pending, he could render but one final judgment, no matter how many causes of action or grounds of defense the

pleadings before him contained. Furthermore, the right of appeal from a judgment is a statutory right, and in the absence of an express law authorizing a party to appeal from a part of a judgment rendered an appeal, when taken, should be held to bring up the whole case. Certainly this was the understanding of the legislature when it adopted section 1010 of the Code of Civil Procedure. To sustain the action of the trial court in sustaining the plea of *res judicata* interposed by Ellis to Huffman's action we are cited to *Bates v. Stanley*, 51 Neb., 252. That was a replevin action brought in the county court which found for the plaintiff in an action as to certain of the goods taken, and found for the defendant as to the residue of said goods and rendered a judgment on each of said findings. The plaintiff in the action appealed to the district court. The defendant in the action took no appeal. When the case reached this court it was insisted that the judgment of the county court which found the right of possession of certain property to be in the plaintiff and awarded him a judgment therefor was *res judicata* as to the defendant who took no appeal from such judgment. But this court held, NORVAL, J., dissenting, that the judgment rendered by the county court was a single judgment and the appeal taken by the plaintiff in the action from that judgment brought up the whole case and that it stood for trial *de novo* in the district court. The case cited is an authority against the contention of defendant in error. The judgment of the district court is reversed and the cause remanded.

REVERSED.