Adams v. Nebraska Savings & Exchange Bank.

## ISAAC ADAMS V. NEBRASKA SAVINGS AND EXCHANGE BANK.

FILED SEPTEMBER 23, 1898.   No. 8253.

1. Justice of the Peace: JURISDICTIONAL AMOUNT: INTEREST. In computing the "amount in controversy" to ascertain whether a case is within the jurisdiction of a justice of the peace, interest accrued at the time of suit on an interest-bearing debt should be considered.

2. ———: ———. It is not the amount which the bill of particulars shows the plaintiff might claim, but the actual amount of his demand, which ascertains the jurisdictional amount.

3. ———: ———: VARIANCE. Where there is a variance in respect to the amount demanded between the bill of particulars and the writ, the writ controls.

4. ———: ———. Where the defendant failed to appear, the justice of the peace had jurisdiction of the subject-matter, the amount for which he might render judgment according to the face of the writ and the indorsement thereon being less than $200.

5. ———: WRIT: DEFAULT: AMOUNT OF JUDGMENT. A statement of plaintiff's demand in the writ and its indorsement as $150 and interest, without specifying the rate of interest or the time for which it was demanded, authorize judgment by default for only $150 and interest from the commencement of the action.

6. Review: ASSIGNMENTS OF ERROR: CORRECTION OF ERRORS. While this court will not reverse a case for errors not called to the attention of the district court and specifically assigned in this court, nevertheless, when, in passing upon the assignments of error properly made, it is disclosed that they are not well taken because of an unassigned error, of which the defendant in error must avail himself to defeat the assignments made, and which this court must pass upon to decide the case, such error will be corrected.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J.   *Reversed.*

The opinion contains a statement of the case.

*Isaac Adams,* for plaintiff in error:

Jurisdiction is to be determined by the amount sued for. (*Brondberg v. Babbott,* 14 Neb. 517; *Bates v. Phœnix*

*Publishing Co.*, 50 Neb. 79; *Plunket v. Evans*, 2 S. Dak. 434; *Wharton v. King*, 69 Ala. 365; *Stewart v. Thompson*, 85 Ga. 829; *Raymond v. Strobel*, 24 Ill. 113; *Stone v. Murphy*, 2 Ia. 35; *Lamberton v. Raymond*, 22 Minn. 129; *Evans v. Hall*, 45 Pa. St. 235.)

Interest claimed as part of the original contract sued on must be calculated in computing the amount in controversy. (*Wilson v. Sparkman*, 17 Fla. 871; *Denver Brick Mfg. Co. v. McAllister*, 6 Colo. 326; *Stone v. Hawkins*, 56 Conn. 111; *Gregg v. Wooden*, 7 Ind. 499; *Schlenker v. Taliaferro*, 20 La. Ann. 565; *Barber v. Kennedy*, 18 Minn. 216; *Reese v. Hawks*, 63 Md. 130; *Smith v. Smith*, 15 Vt. 620; *Woodward v. Jewell*, 140 U. S. 247.)

*Silas Cobb, contra:*

Accrued interest should not be considered in determining the question of jurisdiction, nor the costs. (12 Am. & Eng. Ency. Law 283, 284; *Fisher v. Hall*, 1 Pike [Ark.] 275; *Hedgecock v. Davis*, 64 N. Car. 650.)

Interest being an incident may be thrown off. (*Evans v. Hall*, 9 Wright [Pa.] 235; *Bradley v. Lill*, 4 Biss. [U. S.] 473.)

Plaintiff may remit the excess and confer jurisdiction. (Hawes, Jurisdiction of Courts sec. 33, note 4; *Farley v. Gibbs*, 4 N. Y. Supp. 353.)

The amount in controversy means the principal without interest. (*Jackson v. Whitfield*, 51 Miss. 202.)

Plaintiff may remit at the trial, though, in his pleading, he claims more than the jurisdictional amount. (*Best v. Best*, 16 Mo. 530.)

The court will not make a computation and act on the inference to be drawn therefrom as to the amount in controversy. (*Scott v. Lunt*, 6 Pet. [U. S.] 349.)

IRVINE, C.

The Nebraska Savings & Exchange Bank sued Adams on a promissory note before a justice of the peace. It recovered a judgment and Adams took the case to the

district court on error, and the judgment was there affirmed. Adams now brings the case to this court.

Adams, both in the district court and here, relies on a want of jurisdiction arising from the amount in controversy, which he claims is beyond the jurisdiction of a justice of the peace. The note set out in the bill of particulars is for $150, with interest at the rate of 10 per cent per annum from July 22, 1890. The suit was begun August 22, 1895. The bill discloses no payments, and it follows that, if interest is to be considered in computing the amount in controversy, the bill showed that more than $200 was due. The prayer of the bill of particulars is "for judgment upon said note for $150 and interest according to its tenor, and costs." The summons issued by the justice recited that the plaintiff sued "to recover the sum of $150 and interest due on a certain promissory note." The summons was indorsed: "If defendant fail to appear plaintiff will take judgment for $150 and int. as within specified and all costs, not to exceed $50." The defendant did not appear before the justice and judgment was entered for $200. If, as defendant in error contends, interest is not to be considered in computing the amount in controversy, jurisdiction affirmatively appears throughout the proceedings; but we think that interest accrued at the time of suit, if demanded, must be considered as a part of the "amount in controversy." The phrase just used is that employed by the constitution in limiting the jurisdiction of justices of the peace. (Constitution, art. 6, sec. 18.) Interest is not so far collateral to the debt that when suit is brought it can with any pretense of reason be said that the interest as well as the principal is not in controversy. Some statutes, notably those regulating the jurisdiction of the federal courts, by their express terms, either include or exclude interest for this purpose. Where the statute is silent and uses the phrase "amount in controversy," there is no reason and should be no authority for saying that such amount refers to the principal alone, although

the actual controversy may, and sometimes does, relate
to the interest alone. All our decisions indicate a want
of power in a justice to render judgment for more than
$200. This must be because the demand cannot be raised
beyond that figure, by allowance of interest or otherwise.

This consideration does not dispose of the case. In
*Brondberg v. Babbott,* 14 Neb. 517, it was said: "It seems
to be well settled that in a court of limited jurisdiction
it is the amount stated in the *ad damnum* clause of the
writ that gives jurisdiction even in cases where the pe-
tition or bill of particulars states a different amount as
that for which judgment is demanded." We think that
statement, although it was there *obiter,* is correct. The
writ is the principal thing in acquiring jurisdiction, and
it is that to which the defendant must look and on which
he may rely in determining whether he shall appear and
contest the case, or disregard it and permit the plain-
tiff to proceed. This writ did not disclose from what
time or at what rate the plaintiff claimed interest. In
the absence of such data a claim for $150 and interest did
not show that more than $200 was demanded. More-
over our statute provides that there shall be indorsed on
the writ the amount for which the plaintiff will take
judgment if the defendant fail to appear, and that if he
fail to appear judgment shall not be taken for a greater
amount and costs. (Code of Civil Procedure, sec. 910.)
The strictness with which this provision has been en-
forced may be seen in *Watson v. McCartney,* 1 Neb. 131;
*Co-operative Stove Co. v. Grimes,* 9 Neb. 123; *McKay v.
Hinman,* 13 Neb. 33. The indorsement in this case was
that judgment would be taken for "$150 and int. as
within specified." Even if it be conceded that a reference
to the body of the summons will satisfy the statutory re-
quirement, this indorsement, neither of itself nor when
coupled with the vague statement in the writ, specified
an amount beyond the principal or gave data from which
an amount might be ascertained. All except the state-
ment of the principal is so vague that it must be re-

jected, and the court should not, on defendant's failing to appear, have rendered judgment for more than $150. We conclude that while accrued interest, if demanded, must be considered in computing the jurisdictional amount, nevertheless, as the plaintiff may remit the excess, if it appear that he is entitled to more than that amount (Code of Civil Procedure, sec. 1003), the amount is to be found from plaintiff's actual demand, and not from the amount that the bill of particulars indicates that he might properly demand. (*Stone v. Murphy*, 2 Ia. 35.) But when there is a variance as to the amount demanded between the prayer of the bill of particulars and the writ, the writ governs. If the judgment which may be rendered under the terms of the writ be within the jurisdiction of the court, jurisdiction of the subject-matter exists. Such was here the case.

But we now meet this difficulty: The plaintiff in error, both in the district court and here, raised only the question of jurisdiction. He did not by any assignment of error in either court suggest that the judgment was too large. It is the established practice to disregard all errors where the matter was not called to the attention of the district court and where it is not here specifically assigned. In this case the investigation of the question properly raised discloses the error in the amount of the judgment, and the error is of such a character that it is only by considering it and determining that it was error that we reach the conclusion that the actual assignments of error are not well taken. Indeed the defendant in error has been compelled, to avoid the conclusion that there should be a dismissal for want of jurisdiction, to itself call attention to the real error. Under these circumstances, and because to decide the case we have been compelled to notice the error and adjudicate it to be such, we think we should proceed to correct it. *McKay v. Hinman, supra,* points out the course which the district court should have pursued. It should have permitted the plaintiff to remit the excess of the judgment above $150

and if plaintiff saw fit to do so, have affirmed the judgment as so modified. The judgment of the district court is reversed and the case remanded with directions to so proceed.

REVERSED AND REMANDED.