### WILLIAM MILLER V. ELI HENDERSON ET AL.

#### FILED APRIL 18, 1906.    No. 14,275.

Costs. When a plaintiff in an action in a justice's court, in which no
set-off is pleaded, recovers a judgment from which the defend-
ant appeals, and the plaintiff has judgment also in the district
court, he is entitled to recover costs in the latter court without
regard to the amount of his judgment therein.

ERROR to the district court for Antelope county: JOHN F.
BOYD, JUDGE. *Affirmed.*

*O. A. Williams,* for plaintiff in error.

*A. E. Garten, contra.*

AMES, C.

In a money action, plaintiff recovered a judgment in
justice's court from which the defendant appealed. On a
trial in the district court the plaintiff also recovered a
verdict, but by a sum less by more than $20 than the
amount of the judgment appealed from. In the latter
court judgment was rendered for the plaintiff for the
amount of the verdict, and for costs. From the order
taxing costs the defendant prosecutes this proceeding.

We discover no error. The right of a litigant in a com-
mon law action to recover costs is exclusively statutory.
*City of Hastings v. Mills,* 50 Neb. 842. Section 620 of the
code enacts: "Where it is not otherwise provided by this
and other statutes, costs shall be allowed of course to the
plaintiff, upon a judgment in his favor, in actions for the
recovery of money only, or for the recovery of specific real
or personal property." Section 986 of the code provides:
"If, on an appeal by the plaintiff, from a judgment in his
favor, he shall not recover a larger sum than twenty dollars
exclusive of interest since the rendition of the judgment
before the justice, he shall be adjudged to pay all costs in
the district court including a fee of five dollars to the de-

fendant's attorney; and in case the defendant shall demand a set-off greater than twenty dollars, and he appeals from a judgment in his favor, and does not recover twenty dollars, he shall, in like manner, pay all costs in the appellate court, including a like fee to the plaintiff's attorney." And section 1,013 is as follows: "If any person appealing from a judgment rendered in his favor shall not recover a greater sum than the amount for which judgment was rendered, besides costs and the interest accruing thereon, every such appellant shall pay the costs of such appeal." Each of these two latter quoted statutes constitutes an exception to the first quoted, but neither is applicable in the present case because the plaintiff, who was sucessful in justice's court, did not appeal, and no set-off was pleaded. We have been cited to no other statute bearing on the question and know of none, and therefore recommend that judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.