HERBERT J. UNDERWOOD, APPELLEE, v. CHICAGO & NORTH-WESTERN RAILWAY COMPANY, APPELLANT.*

FILED DECEMBER 9, 1916.   No. 18949.

1. Costs: STATUTORY PROVISION. Section 8168, Rev. St. 1913, provides that, when an action is begun in the district court which should have been tried before a justice of the peace, the plaintiff cannot recover the costs of the trial in district court.

2. ———: TAXATION. It is the duty of the court in which the action is tried to determine whether the action is of such a nature that it was properly brought in that court, and if the judgment in that court is of such a nature as to justify a recovery of costs by plain-, tiff, and costs are so adjudged, this court will not retax such costs upon appeal, although a remittitur is required reducing the judgment to an amount within the jurisdiction of a justice of the peace.

3. ———: COSTS ON APPEAL. The costs in this court upon appeal are the same whether the action was begun in justice court or in district court, and the taxation of costs of this court are not governed by that statute.

4. ———: ———. Upon appeal to this court, if the appellant recovers a better judgment than the one appealed from, he is entitled to costs of this court, unless the court for special reasons otherwise orders.

---

*See opinion, *ante, p.* 275.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. Motion to tax costs. *Sustained in part, and overruled in part.*

*A. A. McLaughlin, Wymer Dressler* and *Lyle Hubbard,* for appellant.

*Sutton, McKenzie, Cox & Harris, contra.*

SEDGWICK, J.

The plaintiff began this action in the district court for Douglas county and there recovered a judgment for $374.36. Upon appeal to this court the plaintiff was required to enter a remittitur in the sum of $194.93, which was accordingly done, thereby reducing the amount of the plaintiff's recovery to $179.43, and interest from the date of the judgment, June 9, 1914, to September 21, 1916, at 7 per cent., amounting to $208.25 in all.

The defendant has filed a motion in this case to tax the costs of the district court and the costs of this court against the plaintiff under section 8168, Rev. St. 1913. That section provides as follows: "If it shall appear that a justice of the peace has jurisdiction of an action and the same has been brought in any other court, the plaintiff shall not recover costs." The costs of commencing and the trial of an action in the district court are necessarily much larger than the costs of the same action in justice court, and the plaintiff who commences an action in the district court that might, and therefore ought to, be brought in justice court incurs a larger amount of costs than the proper prosecution of such an action would require. The purpose of this statute is to prevent the incurring of the unnecessary costs of the trial in the district court when the action might, and ought to, be prosecuted before a justice of the peace. Construing this statute according to its purpose and spirit, if the plaintiff causes the unnecessary additional expense of a trial in the district court when it might have been tried in the justice

court, he cannot recover the costs of that trial from the defendant.

When the recovery in the district court is beyond the jurisdiction of a justice of the peace, the plaintiff recovers his costs. The district court determines the question of costs in such case, and, if that court determines it correctly upon the record as it is before that court, this court upon appeal cannot say that the court erred in so doing.

The defendant construes the statute as though it read: "If, upon appeal, it shall finally appear or be determined that a justice of the peace has jurisdiction, and the plaintiff has recovered his costs in the trial court, the appellate court shall retax such costs against the plaintiff." It would seem more probable that the legislature intended that, if it appears upon the trial that a justice of the peace has jurisdiction, the plaintiff shall not upon that trial recover costs. The omission of the word "finally," which appears in the statutes of some states before the word "recover," is suggestive.

In an action to recover damages for negligence, the amount of the recovery is often so uncertain that to enforce the rule insisted upon by defendant would prevent a fair trial of the case. The injured party who recovers a judgment could not present and try the amount of his claim for damages without incurring the risk of being compelled to pay the costs of the trial of an issue that could not be satisfactorily tried in a court of inferior jurisdiction. It would seem that the statute is for the court in which the action is tried, and the determination by that court that the action is of such a nature as justifies bringing it in that court will enable the plaintiff to recover his costs of that trial. Moreover, if we should give this statute the literal and technical construction that the defendant contends for, it would appear that by the final order of this court the plaintiff recovers from the defendant a sum of money beyond the jurisdiction of the justice of the peace. The costs in this court are the same whether the action was begun in justice or district

·court. Therefore the taxation of costs in this court should not be controlled by this statute.

As the defendant recovered in this court a more favorable judgment than the judgment of the district court, and there was no finding by this court that the costs ought to be taxed against the defendant, we think that the defendant's motion to tax the costs of this court against plaintiff should be, and it is, therefore, sustained. The motion to tax the costs of the district court against the plaintiff is overruled.

JUDGMENT ACCORDINGLY.