JOHN HENKE ET AL., APPELLANTS, V. GEORGE W. DEEMER, APPELLEE.

FILED APRIL 14, 1917. No. 19455.

1. **Justice of the Peace: JURISDICTION.** "In computing the 'amount in controversy' to ascertain whether a case is within the jurisdiction of a justice of the peace, interest accrued at the time of suit on an interest-bearing debt should be considered." *Adams v. Nebraska Savings & Exchange Bank*, 56 Neb. 121.

2. ———: ———. "It is not the amount which the bill of particulars shows the plaintiff might claim, but the actual amount of his demand, which ascertains the jurisdictional amount." *Adams v. Nebraska Savings & Exchange Bank*, 56 Neb. 121.

3. ———: ———. The bill of particulars and summons both disclosing that the amount of the debt with interest from the time it was claimed to the filing of the suit exceeded $200, a justice of the peace had no jurisdiction of the suit.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed, with directions.*

*Allen G. Fisher* and *William P. Rooney*, for appellants.

*Lee Card, contra.*

LETTON, J.

Plaintiff filed a bill of particulars, not verified, before the county judge exercising jurisdiction as a justice of the peace, and procured a summons, returnable in four days, to be issued and served. He sought to recover for medical services in the sum of $197, with interest from the 3d day of January, 1914. Defendants appeared especially and objected to the jurisdiction of the judge, because the amount sued for was in excess of $200, the limit of jurisdiction of a justice of the peace. The court had no power to issue a summons returnable in four days in such a case, and the summons was not returnable nor in form or substance such as required in term cases. . This objection was overruled,. and defendants made no further appearance. Judg-

ment was rendered by default against them for $197. Error proceedings were prosecuted to the district court, which affirmed the judgment. Defendants appeal.

In *Adams v. Nebraska Savings & Exchange Bank*, 56 Neb. 121, it is held that the "amount in controversy" which determines the jurisdiction includes interest accrued at the time of the suit, but that if the summons does not show on its face that the demand is in excess of jurisdiction upon default, the court could render judgment to the full jurisdictional amount.

In this case both the bill of particulars and the summons disclosed that the plaintiff claimed $197, with interest from January 3, 1914. The debt exceeded the jurisdiction of the county judge sitting as a justice of the peace, and the summons returnable in four days should have been quashed.

The judgment of the district court is reversed and the cause remanded, with instructions to reverse the judgment of the county court.

REVERSED.