MARY F. STAKE ET AL., APPELLEES, v. WESTERN ASSURANCE COMPANY, APPELLANT.

287 N. W. 222

FILED JULY 21, 1939. No. 30636.

*Chambers, Holland & Locke,* for appellant.

*Sterling F. Mutz* and *Kenneth Anderson, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and JOHNSEN, JJ.

PAINE, J.

An action was brought in the district court for a small fire loss to a building, alleged to be in the amount of $291. This building was insured by defendant company in the sum of $3,000. The amended answer admitted a fire loss in the sum of $43.58. On March 5, 1938, a jury returned a verdict for $85, which was set aside on motion of plaintiff, and a new trial granted. On October 4, 1938, the jury at the close of the second trial returned a verdict in the sum of $145.90. Defendant filed a motion for a new trial, which was overruled. On October 31, 1938, upon motion of plaintiff for an attorney's fee, setting out that two jury trials have been held, the court ordered that an attorney fee in the sum of $100 be allowed plaintiff. Defendant filed supersedeas bond in the sum of $1,000, and brings the case to this court.

The four errors relied upon for reversal are that the verdict and judgment are contrary to law and contrary to the evidence, that the court erred in giving instruction No. 6 on its own motion, and also erred in allowing plaintiff an attorney's fee.

We will first consider the last objection, which is to the allowance of attorney's fee in a case within justice court jurisdiction when the action was brought in the district court.

The defendant charges that the plaintiff filed her original action in the district court for $620, and later amended her petition, praying for the sum of $291 only, and that at the second jury trial a verdict was returned for only $145.90, which amount is within the justice court jurisdiction, and as plaintiff did not bring the case in the justice court she is not entitled to any costs whatever, under section 20-1709, Comp. St. 1929, which provides: "If it shall appear that a justice of the peace has jurisdiction of an action and the same has been brought in district court the plaintiff shall not recover costs."

In *Shields v. Gamble,* 42 Neb. 850, 61 N. W. 101, plaintiff sued in district court to recover $365 commissions due for services. The jury returned a verdict for plaintiff for $200. Upon appeal it was said that the amount of recovery was within the jurisdiction of the justice court, and therefore each party was required to pay his own costs.

In *Frazer v. Myers,* 95 Neb. 194, 145 N. W. 357, a jury in the district court returned a verdict for $154 on a suit asking for $433. The judgment was affirmed upon appeal to this court, but the question of costs was reversed, with instructions that, as the verdict returned was in favor of the plaintiff, each party must pay his own costs.

In *City of Hastings v. Mills,* 50 Neb. 842, 70 N. W. 381, suit was brought in the district court for damages of $5,000 for falling into an excavation. Plaintiff recovered judgment of $200, which was within the jurisdiction of the justice of the peace, and it was said by this court that the amount claimed by the plaintiff in his petition determines whether a justice of the peace has jurisdiction; but jurisdiction must not be confounded with the right to recover costs, for the right to recover costs is a statutory right, and that the statute does not say that if he claims more than $200 he may oust the justice of the peace of jurisdiction and still

recover his costs in some other court. If his recovery be within the jurisdiction of the justice of the peace, the statute does not award him costs.

The jurisdiction of a justice of the peace is limited by section 18, art. V of the Constitution, that a justice shall not have jurisdiction in any civil case where the amount in controversy shall exceed $200.

Commissioner Irvine, in *Adams v. Nebraska Savings & Exchange Bank,* 56 Neb. 121, 76 N. W. 421, says: "Some statutes, notably those regulating the jurisdiction of the federal courts, by their express terms, either include or exclude interest for this purpose. Where the statute is silent * * * there is no reason and should be no authority for saying that such amount refers to the principal alone. * * * All our decisions indicate a want of power in a justice to render judgment for more than $200. This must be because the demand cannot be raised beyond that figure, by allowance of interest or otherwise." He concludes: "In computing the 'amount in controversy' to ascertain whether a case is within the jurisdiction of a justice of the peace, interest accrued at the time of suit on an interest-bearing debt should be considered."

Judge Letton said in *Henke v. Deemer,* 101 Neb. 126, 162 N. W. 510, that where the bill of particulars and summons disclosed that the plaintiff claimed $197, with interest from January 3, 1914, a justice of the peace had no jurisdiction of the suit, although it is generally held that, if the interest accruing before final judgment increases the amount to more than the jurisdictional limit, it will not defeat jurisdiction. See 77 A. L. R. 994, Ann., in which same annotation it is held that attorneys' fees other than those stipulated for in a note or contract obligation, or recoverable under the statute, are not elements in computing the jurisdictional amount, the test being whether such attorney fees are considered as costs or penalties. See note, 77 A. L. R., beginning on page 1013.

The interesting case of *Underwood v. Chicago & N. W. R. Co.,* 100 Neb. 507, 160 N. W. 738, does not appear to have

been cited by our court since it was written in 1916. The plaintiff there began action in the district court to recover damages for delay in the shipment of six cars of cattle, and recovered a judgment for $374.36, and upon appeal to this court, in an opinion by Judge Letton, the plaintiff was required to remit $194.93 of the judgment, as shown in 100 Neb. 275, 159 N. W. 408. Upon a second appeal to this court, upon a motion to retax costs, it was set out that the filing of this remittitur reduced the plaintiff's recovery to $179.43 and interest at 7 per cent., making the total amount of the recovery $208.25, and the statute (now section 20-1709, Comp. St. 1929) was discussed by Judge Sedgwick, and he says that to enforce the rules strictly would prevent a fair trial in some cases, and that the statute is for the court in which the action is tried, and the determination by that court that the action is of such a nature as justifies bringing it in that court will enable the plaintiff to recover his costs at that trial, and this court refused to retax the costs in the district court, but sustained the motion to retax the costs in the supreme court.

"A plaintiff may, for the purpose of conferring jurisdiction, remit interest or enough of his claim to reduce it to the statutory amount." Dame, Inferior Court Practice (2d ed.) 31, sec. 36. See, also, *Hill v. Wilkinson*, 25 Neb. 103, 41 N. W. 134; *Miller v. Henderson*, 76 Neb. 383, 107 N. W. 586; *Goodman, Bogue & Sherwood Co. v. Pence*, 21 Neb. 459, 32 N. W. 219.

It has generally been considered by our court that attorneys' fees are taxed as costs, and are no part of the judgment. *Allen v. Tallon*, 120 Neb. 611, 234 N. W. 411.

A recent case involving attorneys' fees in a compensation case, which may throw some light on the case at bar, is *Solomon v. A. W. Farney, Inc., ante*, p. 338, 286 N. W. 254.

We have reached the conclusion that no costs can be taxed against the defendant in this case, because it is forbidden by section 20-1709, Comp. St. 1929, and that "costs" includes an attorney's fee, because the final judgment is clearly within the jurisdiction of a justice of the peace. We therefore find

that the trial court was in error in taxing an attorney's fee of $100 for services in the district court, and the same is hereby set aside.

The third error relied upon for reversal by the defendant is that the court erred in giving instruction No. 6 on its own motion. In the brief it is stated that, as the amount involved in this error is not large, defendant is not inclined to quarrel about it, yet in the oral argument in this court it was discussed at some length, and it was charged to be a reversible error.

In the proof of loss submitted by the plaintiff, found in the bill of exceptions, the plaintiff sets out that the actual cash value of her property at the time of the fire was $5,000. The insurance policy on the building was for $3,000, and the policy carried the provision which required the insured to carry at least 80 per cent. of the cash value of the property at the time of loss, and, failing so to do, it provided that she should to the extent of such deficit bear her proportion of any loss. Therefore, the policy required that insurance be carried of 80 per cent. of $5,000, or $4,000. She had only $3,000 of insurance upon the property, and therefore she failed to carry $1,000, or 25 per cent. of the $4,000 that she was required to carry, and thereby became a coinsurer with the company to that extent. In instruction No. 6, covering this feature of the case, the court said that she became a coinsurer with the company to the extent of one-fifth of the amount of the loss, and that the jury should determine the entire loss, deduct one-fifth therefrom, and add interest to the remaining four-fifths. Defendant is right, and the court was in error, and she failed to carry 25 per cent. of the required $4,000.

To ascertain approximately the error of this instruction, we will assume in round numbers that the jury found the loss to be $170. They were instructed by the trial judge to deduct one-fifth thereof, which would be $34, leaving $136. To this they were to add interest to the day the verdict was rendered, which gave the amount of $145.90 as their verdict. Instead of this, they should have deducted one-fourth from

the amount of the loss, leaving $127.50, which shows an error of about $8.50, if we disregard the small item of interest, and therefore a remittitur should be filed by the plaintiff for $8.50. The plaintiff having been compelled to file this small remittitur in this court, no additional attorney's fee can be allowed the plaintiff for his services in this court. If plaintiff files a remittitur of $8.50 within 30 days of this date, the judgment will be affirmed, less the $100 attorney's fee taxed by the district court in error, otherwise the same will be reversed and remanded.

AFFIRMED ON CONDITION.