MARY A. JOHNSON, APPELLEE, V. LESTER WASHBURN, APPELLANT.

19 N. W. 2d 563

FILED JULY 6, 1945. No. 31945.

*Charles F. Adams,* for appellant.

*Edgerton & Fraizer,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

In county court the amount claimed by the plaintiff in an action for rents was $1,000. Judgment was rendered for that amount, together with interest from the date of the filing of the petition and costs. Defendant contends that such judgment is void, as exceeding the jurisdiction of the court. He also contends that the garnishment proceeding was void. The trial court held against defendant. We affirm the judgment of the trial court.

On July 17, 1936, plaintiff filed a petition in the county court of Hamilton county. She alleged that defendant was indebted to her for rents in the sum of $1,184, plus additional interest; and that she waived all of said debt for the purposes of the suit only, and without prejudice, except for the sum of $1,000, in order that the action might be kept within the jurisdiction of the county court. She prayed judgment against the defendant for the sum of $1,000 and costs of suit.

Summons was issued, endorsed "If the defendant fail to appear, plaintiff will take judgment for $1000.00 with interest thereon at 6 per cent. per annum from the 17th day of July 1936." Personal service was had on the defendant.

August 4, 1936, the defendant having failed to appear or answer, default was entered. Thereafter judgment was entered against the defendant for the sum of $1,000 with interest at six per cent from July 17, 1936, and costs.

A transcript of this judgment was filed in the district court on September 28, 1936. Thereafter executions were issued and returned unsatisfied. An affidavit for garnishment was filed and service had upon the garnishee. In the

order of garnishment, the garnishee was ordered to appear before the "Clerk of the District Court" and there to answer. In the notice of garnishment served upon the garnishee, it was ordered to appear before the "District Court" and there to answer. The sheriff certified that the notice to the garnishee was to appear before the clerk. The garnishee, by written answer, disclosed that it had funds on deposit subject to check.

The defendant moved that the order of garnishment be quashed and the garnishee discharged for the reason that the purported judgment was absolutely void, contending that it was in excess of the constitutional and statutory jurisdiction of the county court. Defendant computed the amount of the judgment when rendered to be $1,002.83.

The defendant later filed a supplemental motion to quash and discharge for the reason that the clerk of the court had no power to order the garnishee to appear before him and make disclosure. The matter came on for hearing in the district court on the answer of the garnishee, and the defendant's motions to quash. The trial court overruled the motions and ordered the garnishee to pay the money into court. Defendant appeals.

The defendant concedes that the petition claimed a sum within the jurisdiction of the county court, but that the summons claimed a sum in excess of that jurisdiction, and because thereof the judgment was void. The defendant further contends that regardless of the petition and the summons, the judgment was absolutely void because rendered for a sum in excess of $1,000. That excess consisted of interest from the date of the filing of the petition to the date of the judgment.

The constitutional provision is: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and in such proceedings to find and determine heirship; appointment of guardians, and settlement of their accounts; and such other jurisdiction as may be given by general law: But they shall not have jurisdiction in criminal cases in

which the punishment may exceed six months imprisonment or a fine of over five hundred dollars; or both; nor in civil actions in which title to real estate is sought or drawn in question; nor in actions on mortgages or contracts for the conveyance of real estate; nor in civil actions where the debt or sum claimed shall exceed one thousand dollars." Const., art. V, sec. 16.

It appears then that the county courts may be given jurisdiction by general law in civil actions where "the debt or sum claimed" shall not exceed one thousand dollars.

The legislative provision is that county judges shall have " * * * concurrent jurisdiction with the district court in all civil cases in any sum not exceeding one thousand dollars, exclusive of costs, * * * ." R. S. 1943, sec. 24-502. Prior to 1883 the jurisdiction was limited to " * * * any sum not exceeding five hundred dollars, exclusive of costs, * * * ." Comp. St. 1881, ch. 20, sec. 2, p. 205. It then was amended so as to provide: " * * * in any sum not exceeding one thousand dollars, exclusive of costs, * * * ." Laws 1883, ch. 38, sec. 2, p. 220. We find nothing in the present statute indicating an intent to limit the jurisdiction of the county court other than as limited by the Constitution. The legislative intent was to authorize the court to exercise jurisdiction to the extent allowed by the Constitution.

The precise question here is: Is the judgment void where the debt or sum claimed is within the jurisdictional limits, but interest, accruing after the filing of the suit, is included in such judgment? This problem has troubled the courts heretofore, and statements in the opinions are not entirely harmonious, when taken out of the light of the specific problem presented.

In *Brondberg v. Babbott*, 14 Neb. 517, 16 N. W. 845, it was said: "It seems to be well settled that in a court of limited jurisdiction it is the amount stated in the *ad damnum* clause of the writ that gives jurisdiction even in cases where the petition or bill of particulars states a different amount as that for which judgment is demanded." But there, both the petition and the summons stated the plaintiff's claim to

have been for a sum in excess of the jurisdiction of the court as then fixed by statute. It there was held that the court was without jurisdiction of the subject matter.

In *Union P. Ry. v. Ogilvy,* 18 Neb. 638, 26 N. W. 464, an action was brought in the county court seeking to recover $990 damages. On appeal to the district court plaintiff amended his petition so as to claim damages in the sum of $1,380. In the discussion it was said that the county court could not render judgment for more than $1,000. It was held that the power of amendment of the district court was limited to the highest sum for which the court from which the appeal was taken "was authorized to render judgment, and accrued interest." In the syllabus it was stated: " * * * That the petition could not be amended to claim more than $1,000, and accrued interest, being the limit of the civil jurisdiction of the county court."

*City of Hastings v. Mills,* 50 Neb. 842, 70 N. W. 381, presented a question concerning the allowance of costs. The Constitution provided that a justice of the peace should not have jurisdiction where the "amount in controversy" exceeded $200. The statute used the language "the sum in question." It was held that if a plaintiff claimed more than $200 he could not bring his action before a justice of the peace.

*Bates & Co. v. Stanley,* 51 Neb. 252, 70 N. W. 972, was a replevin action brought in the county court, and on appeal to the district court presented a question of jurisdiction. In the opinion, the constitutional provision was discussed and it was said: "This language excludes the hypothesis that jurisdiction depends upon the amount finally ascertained to be due. It is the amount claimed which under the constitution limits the jurisdiction. (*Beach v. Cramer,* 5 Neb., 98; *Brondberg v. Babbott, supra.*) In ordinary civil actions this can be readily determined from the petition, the summons, or both. (*Brondberg v. Babbott, supra.*)" In the syllabus it is said: " * * * such court cannot render a judgment for a larger sum than $1,000 exclusive of costs."

The defendant here cites language found in the opinion

by Judge Norval in *Bates v. Stanley, supra,* that " * *,* the statute, and the constitution, limit the sum for which judgment may be entered by such court at $1,000. This limitation applies to all actions, including replevin." The above language is found in a dissenting opinion. *Huffman v. Ellis,* 52 Neb. 688, 73 N. W. 10.

*Adams v. Nebraska Savings & Exchange Bank,* 56 Neb. 121, 76 N. W. 421, dealt with a question of the jurisdiction of a justice of the peace. In the body of the opinion it was stated: "All our decisions indicate a want of power in a justice to render judgment for more than $200. This must be because the demand cannot be raised beyond that figure, by allowance of interest or otherwise." It further was stated: "We conclude that while accrued interest, if demanded, must be considered in computing the jurisdictional amount, nevertheless, as the plaintiff may remit the excess, if it appear that he is entitled to more than that amount (Code of Civil Procedure, sec. 1003), the amount is to be found from plaintiff's actual demand, and not from the amount that the bill of particulars indicates that he might properly demand. (*Stone v. Murphy,* 2 Ia. 35.) But when there is a variance as to the amount demanded between the prayer of the bill of particulars and the writ, the writ governs. If the judgment which may be rendered under the terms of the writ be within the jurisdiction of the court, jurisdiction of the subject-matter exists." The syllabi stated:

"In computing the 'amount in controversy' to ascertain whether a case is within the jurisdiction of a justice of the peace, interest accrued at the time of suit on an interest-bearing debt should be considered.

"It is not the amount which the bill of particulars shows the plaintiff might claim, but the actual amount of his demand, which ascertains the jurisdictional amount."

See, also, *Henke v. Deemer,* 101 Neb. 126, 162 N. W. 510, where the syllabus stated: "The bill of particulars and summons both disclosing that the amount of the debt with interest from the time it was claimed to the filing of the suit exceeded $200, a justice of the peace had no jurisdiction of the suit."

See, also, *Stake v. Western Assurance Co.*, 136 Neb. 735, 287 N. W. 222, wherein we referred to the above case and said: " * * * it is generally held that, if the interest accruing before final judgment increases the amount to more than the jurisdictional limit, it will not defeat jurisdiction."

We think it clear that in civil actions, it is the debt or amount claimed by the plaintiff which determines the jurisdiction of the county court over the subject matter. Where that amount does not exceed $1000, the county court has such jurisdiction. That amount is to be determined as of the time when suit is instituted. We find nothing in the Constitution or statute which requires that interest on the amount claimed, accruing after suit, should be included in the computation of the debt or amount claimed.

It appears to be the rule generally that where the amount claimed is within the jurisdiction of the court at the time the action is brought, the fact that interest accruing before final judgment increases the amount to more than the jurisdictional limit will not defeat jurisdiction. *Stake v. Western Assurance Co., supra*; 14 Am. Jur., sec. 214, p. 410; 21 C. J. S., sec. 54 (b), p. 64, and sec. 58, p. 72; 15 C. J., sec. 68, p. 773; Annotation, 77 A. L. R. 994; *Jorgenson v. Farmers & Merchants Bank*, 44 N. D. 98, 170 N. W. 894.

We reach the conclusion then that the county court had jurisdiction of the subject matter of the action; that it had jurisdiction to issue the summons which it issued; and that it had jurisdiction to enter the judgment which it entered.

Defendant, by supplemental motion, moved to quash the order of garnishment for the reason that the clerk had no power to order the garnishee to appear before him and make disclosure. The statute provides: "No proceedings against such garnishee shall be quashed, or such garnishee discharged by reason of any informality or irregularity merely of the affidavit or summons provided for in sections 25-1056 to 25-1061." R. S. 1943, sec. 25-1059. The statute seems to have been enacted to cover such a situation as we have here.

The trial court did not err in overruling the motions to quash. Its judgment is affirmed.

AFFIRMED.