JOHN A. JORGENSON, Appellant, v. FARMERS & MER-
CHANTS BANK OF ROBINSON, NORTH DAKOTA, a
Corporation, Respondent.

(170 N. W. 894.)

**Courts — conflicting jurisdiction — justices of the peace.**

1. By the terms of § 112 of the Constitution of the state of North Dakota
and § 9006, Compiled Laws 1913, justices of the peace have concurrent juris-
diction with the district court in all civil actions when the amount in con-
troversy, exclusive of costs, does not exceed $200. These provisions are as
applicable to an action sounding in tort as to one on contract.

**Justices of the peace — jurisdiction — amount.**

2. In an action in the justice court for damages for tort, the amount
claimed in the summons was $200, with interest. *Held* that the interest
commenced from the date of the summons, and not from the time of the
commission of the tort; that the amount in controversy did not exceed $200.

**Garnishment — affidavit of adverse claim — liability to repay.**

3. Where one has been duly and legally served with an affidavit of garnish-
ment and garnishee summons, and then or at any time prior to return day has
or acquires knowledge that the funds or property in his possession or under
his control are claimed by another than the garnisher, and fails to make
affidavit or answer disclosing such knowledge before or on return day, as
required by law, and permits judgment to be taken against him by the gar-
nisher, and pays the money or property over to the garnisher, either volun-
tarily or by order of the court, cannot complain if he is compelled to repay
the amount of funds or property under his control to the person whom he
knew claimed the same, if, in a subsequent action against the garnishee, it
should be made to appear that that person had a superior right to such funds
or property.

Opinion filed January 2, 1919.

Appeal from the County Court of Stutsman County, North Dakota,
Honorable *John U. Hemmi,* Judge.

Judgment reversed.

*John A. Jorgensen,* pro se.

"A deposition of a witness taken by plaintiff and filed in the suit is
properly excluded on plaintiff's objection that the witness is present."
Schmitz v. St. Louis (Mo.) 23 L.R.A. 250, 24 S. W. 472; Nielson **v.**

Hartford, 67 Conn. 486, 34 Atl. 620; Fest v. Kane, 92 Ga. 187, 22 L.R.A. 315, 18 S. E. 18; McClure v. Sheek, 68 Tex. 426, 4 S. W. 552; Anderson v. Brass, 127 Wis. 273, 106 N. W. 1077; R. Co. v. Ennis, 109 Ark. 206, 159 S. W. 214.

"If the bailee permits the goods in his hands to be attached or levied on as the property of a third person, delivery under such process will afford no protection." McDonnell v. Buffalo, 193 N. Y. 92, 85 N. E. 801, affirmed in 119 App. Div. 245, 104 N. Y. Supp. 625; Ball v. Liney, 48 N. Y. 6, 8 Am. Rep. 511; Rogers v. Weier, 34 N. Y. 463; Barnard v. Kebbe, 3 Daly, 35; Kelly v. Patchell, 5 W. Va. 585; Hardy v. Hunt, 11 Cal. 343, 70 Am. Dec. 787.

"The interests of third persons cannot be affected by garnishment proceedings of which they had no notice and to which they were not made parties." 20 Cyc. 1147 and cases cited note 25.

"Any payment by a garnishee not based upon a valid judgment will afford him no protection in an action against him by his original creditor or those claiming under him." Id. note 32; 20 Cyc. 1148 and cases cited note 31; 20 Cyc. 1149 and cases cited note 34.

*Thorpe & Chase,* for respondent.

"Where a deposition is lost, a copy may be substituted." Gage v. Eddy (Ill.) 47 N. E. 200; Gilmore v. Buttz (Kan.) 59 Pac. 645; 6 Enc. Pl. & Pr. p. 583.

The grounds for the suppression of this deposition were not sufficiently and definitely stated. Thompson, Trials, § 810; Burton v. Briggs, 20 Wall. 125; Ueland v. Bealy, 11 N. D. 529; Stebbins v. Duncan, 108 U. S. 32; 6 Enc. Pl. & Pr. pp. 587, 588.

The motion to suppress a deposition must be made before the commencement of the trial and under its decisions the trial had commenced in this case. Anderson v. Bank, 6 N. D. 497; Walters v. Rock, 18 N. D. 45; Ueland v. Dealy, 11 N. D. 529; 13 Cyc. p. 974; Code Civ. Proc. § 7906.

The bank had not sufficient notice and no legal demand was made for this fund before the action was commenced; see First Nat. Bank v. Staff (Ind.) 112 Am. St. Rep. 214; 1 Morse, Bkg. 4th ed. § 313; Aurora Nat. Bank v. Dills (Ind.) 48 N. E. 19.

GRACE, J. The appeal is from a judgment of the county court of Stutsman county, North Dakota, Honorable John U. Hemmi, judge.

A complete statement of the facts in this case and also the facts in the case of Frank McHale v. John Lang, out of which the instant case originated, the judgment roll of which is before us in this case, will be very conducive to a clear understanding of the questions presented in the instant case for decision.

McHale sued Lang in the justice court for damages alleged to have been received by reason of an assault and battery committed by Lang upon McHale. The summons was dated the 30th day of October, 1916, and was returnable on the 10th day of November, 1916. The defendant defaulted and judgment was entered against him on November 10th, 1916, for the sum of $200, the amount sued for and $24 costs. The summons specified the amount to be recovered was $200 with interest. The defendant, in due form and manner, after the entry of judgment, perfected an appeal to the district court. Notice of appeal was admitted by plaintiff's attorney, one Munson, on December 1st, and duly filed in the district court on December 6th, 1916. The appeal was heard in the district court at Steele, North Dakota, on the 16th day of July, 1917, both parties appearing in person or by their attorney, and the action having been called for trial, the defendant moved that all proceedings had in the justice court be reversed and set aside and the action be dismissed for want of jurisdiction of the justice of the peace, or this court (meaning the district court) over the subject-matter of the action, which motion was granted and an order by the district court, Honorable Judge Nuessle, made, dismissing, setting aside, and reversing all proceedings had in the justice court. The judgment was entered by the district court in harmony with the order, on the 19th day of July, 1917, also awarding the defendant costs for $37. On the 30th day of October, plaintiff procured a writ of attachment from the justice court; the same was served upon the Farmers' & Merchants' Bank of Robinson, North Dakota, in which the defendant had deposited certain funds. On the 10th day of November, and after the entry of judgment, the plaintiff's attorney made an affidavit that unless an execution was issued before the expiration of ten days he would be in danger of losing his claim. The court thereupon issued such execution immediately. Plaintiff's attorney then made a

garnishment affidavit and served a garnishee summons upon the bank and also improperly served it upon the defendant. The garnishee summons was returnable November 18, 1916. On that day the garnishment proceedings, previously commenced, were dismissed. A new affidavit of garnishment and a new garnishee summons were issued on the 18th day of November, returnable November 25th, and were served upon the bank. On the 25th day of November, court opened at 12 o'clock noon, the time in which the garnishee summons was returnable, and, after waiting one hour and the garnishee, the Farmers' & Merchants' Bank, having made no appearance but made default, judgment was entered against the garnishee in favor of the plaintiff for $226.75. This garnishment proceeding was in aid of execution. The court ordered the garnishee, the bank, to pay to A. D. Brown, deputy sheriff, the sum of $150 and thereby be discharged from all liability as garnishee. Brown appeared before the court with said money and the same was paid over to the plaintiff by the court.

On the 16th day of November, 1916, the defendant, John Lang, executed the following instrument:

"In consideration of professional services to be rendered for money by John A. Jorgenson, attorney at law of Jamestown, North Dakota, I hereby assign, set over, and transfer to him all the money now belonging to me in the hands of the Farmers' & Merchants' Bank of Robinson, Kidder county, North Dakota, or due me from said bank or shall now be garnished in the hands of said bank in the case of Frank McHale, Plaintiff, v. John Lang, Defendant, and said bank, garnishee, brought before Bert Wagner, a justice of the peace, of Kidder county, North Dakota.

"Dated this 16th day of November, A. D. 1916.

"Witness: H. H. Chance.            "Signed: John Lang."

At about noon, or a little after noon, on the 18th day of November, plaintiff in the instant case called by telephone the Farmers' & Merchants' Bank of Robinson, North Dakota, and conversed with the cashier, R. G. Meyers, and notified him of the assignment of the money that was on deposit at the bank. The plaintiff, in the instant case, brought suit against the Farmers' & Merchants' Bank to recover by virtue of his assignment of November 16th, 1916, the amount then on deposit to the credit of Lang in the bank, which money the bank paid over to Brown, the deputy sheriff, in the manner as above stated.

Plaintiff in the instant case has placed much stress upon the alleged lack of jurisdiction of the justice court in the case of McHale v. Lang. His objection is that the justice has no jurisdiction to try an action for damages sounding in tort. There is no merit in the contention and the justice court has jurisdiction to try all civil actions where the amount claimed is not in excess of $200. Section 112 of the Constitution of the state of North Dakota, contains the following language:

"The justices of the peace herein provided for shall have concurrent jurisdiction with the district court in all civil actions when the amount in controversy, exclusive of costs, does not exceed two hundred dollars."

Our statute on the subject, Comp. Laws 1913, § 9006, is in harmony with this provision of the Constitution. There can be no doubt, so far as the character of the action is concerned, that the justice court has jurisdiction to try and determine an action for damage even though such actions sound in tort where the amount demanded or in controversy does not exceed $200. The plaintiff, in this case, presents the further point that the summons having named the sum of $200 with interest, the amount claimed is more than $200. He supports this point with the theory that the jury in trying a tort action could or could not allow interest from the time of the injury or the commission of the tort complained of. We do not think it is necessary in this case to enter into a lengthy discussion of that principle. We do not believe it is involved in this case. The amount stated in the summons was $200. It was an ordinary printed summons with the words "With interest" printed thereon. The amount for which recovery is sought is $200 and that is written in both in words and figures. With these facts plainly evident from the summons itself, it is clear the intention was to charge interest from the date of the summons. The amount in controversy is the amount stated in the summons. Fair construction of the summons in this action discloses that there is $200 in controversy, and the interest is held to be claimed from the date of the summons, that is, October 30th, 1916. As we view this case, the defendant can have no relief by reason of the attachment. To all intents and purposes, it appears to us the attachment was abandoned, and reliance had entirely upon the garnishment in aid of execution. The money was turned over in pursuance of the garnishment, and not the attachment nor execution. The justice's docket and the execution so discloses.

If the defendant, in this case, could not successfully defend by reason of the garnishment proceedings, the judgment should have been against him.

From the 18th day of November, 1916, until the 29th day of November, the defendant, at all times, knew that Jorgenson was claiming the money of Lang on deposit in the defendant's bank, and knew that he had an assignment thereof, for Jorgenson had so informed him at about noon on the 18th. Having this knowledge, the defendant failed and neglected to appear on the return day, the 25th day of November, nor did he file any answer nor affidavit, as he might have done, stating that the money was claimed by Jorgenson. Instead, he permitted the plaintiff in the former action to take judgment against him as garnishee, and he afterwards paid the amount of money over, which was in the bank, to wit, $150, thus wholly ignoring Jorgenson's claim to the money. This he could not do. As we view it, he, having absolute knowledge that Jorgenson was claiming the money in the bank, should have filed his affidavit, either before or not later than the return day fixed in the garnishee summons, setting out the fact that Jorgenson claimed the money which was garnished. The court could then have ordered Jorgenson impleaded, and the question as to who was entitled to the money could have then been fairly determined by the court. The garnishee, upon Jorgenson being impleaded and after decision of the matter by the court, could have paid his money into court and thus been relieved of further liability. The law provides a plain and adequate method by which the garnishee, the defendant here, could have fully protected himself against the possibility of repayment or a second payment of the amount garnished in his hands or under his control, where it appears the same is claimed by other parties than those by whom the garnishment proceedings are being maintained. If the garnishee fails to take advantage of these provisions of law which are for his protection and benefit and pays the money, etc., to the wrong party, or pays it into court for the wrong party, and makes no disclosure of his knowledge of a claim to it by another party, he is in no position to and should not be heard to complain if he is compelled to repay the money to one who has shown a superior right to it, and who has shown himself lawfully entitled to the same.

Under § 7889, Compiled Laws 1913, is set forth the facts, some of

which must exist upon which the authority to take and use a deposition is predicated. Among other facts which are required to exist before the authority to take a deposition exists, are: First, that the witness does not reside in the county where the action or proceeding is pending or is sent for trial on change of venue, or is absent therefrom; second, when from age, infirmity, or imprisonment, the witness is unable to attend court, etc. It would appear that a deposition could not be used even if taken, if, at the time of the trial, the witness was present in court. Under § 7904, Compiled Laws 1913, when a deposition is offered to be read in evidence, it must appear to the satisfaction of the court that for some cause specified in § 7889, the attendance of the witness cannot be procured. It clearly appearing in this case before the close of the trial that the witness was present in court, he should have been called if it were desired to have his testimony or to use him as a witness, and this not having been done, the deposition should have been, for this reason, suppressed.

Exhibit B was by motion of defendant's attorney asked to be made part of the deposition. Exhibit B, plaintiff's assignment of the money in the bank, became lost with the original deposition. A copy was offered and received in evidence by the plaintiff. It is evidence in the case independent of the deposition, and it clearly appears from all the testimony that plaintiff did have an assignment dated the 16th day of November, 1916, of the money in the bank belonging to Lang. If, however, the deposition had been admitted and should not be suppressed, it clearly shows that the assignment was made to plaintiff, and that he was a proper party to bring suit thereon; that the same had been assigned to him for fees. The majority of the court, but not all of the members thereof, is of the opinion that the evidence in the case shows that the claim was assigned to Jorgenson as collateral security for his claim, and that he is required to turn over to his assignor all moneys in excess of the fees and disbursements coming to Jorgenson. And they are therefore of the opinion that Jorgenson's recovery in this case should be limited to the amount which is coming to him.

Judgment appealed from is reversed and a new trial ordered. Plaintiff is entitled to statutory costs on appeal.

CHRISTIANSON, Ch. J., and BIRDZELL and ROBINSON, JJ., concur.

BRONSON, J., concurs in the result.