**HELEN JESSOP, dba THE DAISY CO., Plaintiff**

**v.**

**RAMONA HISATAKE, Doing Business as SAMURAI VIDEO RENTAL, Defendant**

High Court of American Samoa
Trial Division

CA No. 77-93

October 5, 1993

Before RICHMOND, Associate Justice, MAILO, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Michael H. Crew
 For Defendant, Ramona Hisatake, Pro Se

Order Granting Motion for Summary Judgment:

Plaintiff's motion for a summary judgment awarding money damages for breach of the parties' settlement agreement came regularly for hearing on September 23, 1993. Plaintiff appeared by counsel. Defendant appeared in person.

■ Summary judgment is appropriate when "no genuine issue as to any material fact" exists. T.C.R.C.P. 56(c); *see Anderson v. Liberty Lobby,* 477 U.S. 242, 247-50 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-24 (1986). Defendant perceives plaintiff's action as being unfair under presently unfavorable business conditions, but she does not contest her indebtedness. Thus, summary judgment is warranted. Perhaps, given defendant's expressed intent to pay her debts, the parties can still work out a new arrangement with more affordable periodic payments in the beginning, possibly increasing in time. Two other issues requiring discussion emerge.

■ First, the interest rate provided in the settlement agreement must be lawful under American Samoa's usury statutes. The maximum rate of interest that may be charged individuals and entities on loans for business purposes is 18 percent. A.S.C.A. § 28.1503; *Shantilal Bros. v. K.M.S.T. Wholesales,* 9 A.S.R.2d 62, 65 (Trial Div. 1988). Also, interest rates over six percent must be in writing to be enforceable. A.S.C.A. § 28.1501; *Meridian Breckwoldt Samoa. v. Max Haleck, Inc.,* 7 A.S.R.2d 95, 101 (Trial Div. 1988). The settlement agreement was predicated on plaintiff's advancing funds to defendant during earlier transactions between the parties for the purpose of enabling defendant to acquire or carry on her new business. Since a loan underlies the settlement agreement, defendant must pay her principal indebtedness plus the contractual 18 percent interest on overdue payments, as provided in the agreement.

■ Second, the High Court's jurisdiction is a fundamental issue in this matter. The Trial Division has jurisdiction over monetary claims when the amount in controversy exceeds $5,000. A.S.C.A. § 3.0208(a)(1). The principal amount of the settlement agreement is less than this amount. However, in calculating the amount in controversy, attorney's fees may be included if expressly provided for in a contract. *PTS of Gainesville v. Olivetti Corp. of America,* 334 So. 324, 325 (Fla. App. 1976); see *Perma Glass v. Sasak,* 718 F. Supp. 742, 743-44 (E.D. Mo. 1989). Unless constitutionally or statutorily excluded, interest which accrued as of the commencement of an action may also be included.

13

*Johnson v. Washburn*, 19 N.W. 563, 566 (Neb. 1945) (citing *Stake v. Western Assurance*, 287 N.W. 222 (Neb. 1939); *Jorgenson v. Farmers' & Merchants' Bank*, 170 N.W. 894 (N.D. 1919)). However, costs (including attorney's fees awarded as non-contractual costs which are incidental to the substantive recovery) may not be included in the calculation. *Bakkebo v. Muncipal Court of the Pomona Judicial Dist. of the County of Los Angeles*, 177 Cal Rptr. 239, 242-43 (Cal. App. 1981); *Director General of R.R. v. Wilford*, 88 So. 256, 258 (Fla. 1921). Plaintiff's claim, including principal and $41.42 in accrued interest at 18 percent as of the filing date, as well as contractually-promised attorney's fees, reasonably estimated at a minimum of $550 and not intentionally inflated to reach the jurisdictional amount, totals more than $5,000. Hence, the Trial Division has jurisdiction over this matter.

Plaintiff is granted summary judgment against defendant in the principal amount of $4,421.83, to which is added $300 as attorney's fees for the cost of negotiating and drafting the settlement agreement, plus 18 percent pre-judgment interest, reasonable attorney's fees and costs of collection to be determined upon submission of an affidavit therefor by plaintiff's counsel, and 18 percent post-judgment interest.

It is so ordered.